469 P.2d 847

**STATE of Arizona, Appellee,**

v.

**Leroy McPHERSON, Appellant.**

**No. 1 CA–CR 231.**

Court of Appeals of Arizona, Division 1.

May 27, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HATHAWAY, Judge.

On November 25, 1968, Leroy McPherson was charged with stealing 13 pillowcases— a petty theft. The complaint further alleged a prior burglary conviction, a felony, on September 4, 1963. He was tried to the court, sitting without a jury, convicted, and sentenced to a term of not less than four nor more than five years in the State Prison, an increased punishment under A. R.S. § 13–1649, subsec. A, par. 3, since amended.

He appeals from the conviction and sentence and first questions the propriety of the sentence. The state concedes that the question of the prior conviction was not properly before the court and that the court, therefore, erred in sentencing him to any greater punishment than called for under his misdemeanor conviction.

The defendant was never asked whether he had been previously convicted as is required under 17 A.R.S. Rules of Criminal Procedure, Rule 180. The record nowhere shows compliance with this mandatory provision. State v. Williamson, 104 Ariz. 9, 448 P.2d 65 (1968). We recently dealt with this same problem in State v. Fuentes, 12 Ariz.App. 48, 467 P.2d 760 (filed April 13, 1970).

The defendant submits that he was deprived of his right to a jury trial, contending that the record does not show his presence at the time defense counsel stipulated that trial be to the court without a jury. The defendant contends that the record, therefore, fails to disclose an intelli-

gent waiver. · This contention fails since the record shows that the defendant was present at the time the stipulation was entered in open court waiving a jury trial, as is disclosed by the following minute entry on February 10, 1969:

"9:55 A.M., This cause comes on regularly for trial before the Court. Deputy County Attorney, Stephen Gerst, is present for the State; the Defendant is present with counsel, Deputy Public Defender, Kenneth Arrick; Court Reporter, Robert Clark, is present. Both sides announce ready."

The transcript shows the following at the inception of the trial:

"THE COURT: State versus McPherson. Is the State ready?

MR. GERST: The State is ready, your Honor.

MR. ARRICK: If your Honor pleases, perhaps it should be entered in the record that the defendant and myself have stipulated to try this case to the Court without a jury.

THE COURT: Very well, the record may so indicate, and order setting this case for trial at this time before the Court without a jury."

The state then called its first witness and the trial continued.

This very question was answered against the appellant's position in a very recent case by our Supreme Court, State v. Jelks, 105 Ariz. 175, 461 P.2d 473 (1969), where the court stated:

"When the accused is present in the court room and represented by competent counsel, he is bound by the actions and concessions of his counsel. *A knowing and intelligent waiver of a jury trial can be exercised through counsel, and need not be made and announced by defendant personally.* Counsel should not be relegated to the position of an unreliable mouthpiece. The trial court is entitled to rely on the professional responsibility of defense counsel so that when he notifies the court of the fact that his client wishes to waive a jury trial, such· waiver was knowingly and understandingly consented to by his client." [Emphasis supplied] 461 P.2d at 475.

The facts in the instant case bring it within the purview of the *Jelks* decision. The sentence is set aside and the cause is remanded to the superior court for determination of the prior conviction in accordance with Rule 180 and for re-sentencing. The judgment is otherwise affirmed.

HOWARD, C. J., and KRUCKER, J.,. concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.