475 P.2d 750

**STATE of Arizona, Appellee,**

v.

**Derith WHITE, Appellant.**

**No. I CA–CR 238.**

Court of Appeals of Arizona, Division 1.

Oct. 26, 1970.

Rehearing Denied Nov. 30, 1970.

Review Denied Jan. 19, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HATHAWAY, Judge.

The defendant appeals from a judgment of conviction of illegal possession of narcotic drugs and the sentence imposed thereon. Recitation of evidentiary and procedural details are unnecessary to a disposition of this appeal. The defendant attacks the validity of his conviction on two grounds: (1) Was there a valid waiver of his right to trial by jury? (2) Was the affidavit upon which a search warrant was obtained sufficient?

The defendant contends that he was deprived of his right to a jury trial when the court accepted a waiver of this right when made by defense counsel in defendant's presence without advising defendant as to his right to a trial by jury and the nature and consequences of a waiver, and when the court failed to examine the defendant as to whether he understood the nature of his right to trial by jury and whether he consented to such waiver. Our

Arizona Supreme Court in the case of State v. Jelks, 105 Ariz. 175, 461 P.2d 473 (1969), has already decided this question adversely to the defendant's contention. See also State v. McPherson, 12 Ariz.App. 281, 469 P.2d 847 (filed May 27, 1970). As stated in *Jelks*, supra:

"When the accused is present in the courtroom and represented by competent counsel, he is bound by the actions and concessions of his counsel. A knowing and intelligent waiver of a jury trial can be exercised through counsel, and need not be made and announced by defendant personally. Counsel should not be relegated to the position of an unreliable mouthpiece. The trial court is entitled to rely on the professional responsibility of defense counsel so that when he notifies the court of the fact that his client wishes to waive a jury trial, such waiver was knowingly and understandingly consented to by his client." 105 Ariz. at 177, 461 P.2d at 475.

We therefore reject defendant's contention with respect to the validity of the waiver of trial by jury.

Prior to the commencement of the trial, the defendant filed a motion to suppress evidence seized under a search warrant on the grounds that the affidavit in support thereof was insufficient to establish the reliability of the informant referred to therein. The affidavit recites in part:[1]

"Affiant received information from his past proven confidential and reliable Informant that he saw, on or about December 19, 1968, or within the past two days, a usable amount of narcotics (Morphine-Codeine-Numorphan) in the possession of Derith White on his person and in his trailer at 3721 North 7th Street, Trailer #2. This Informant has given officer information on many narcotics users and dealers in the past which

has proven reliable. Identity of the Informant should not be revealed as it could result in great bodily harm or death to the Informant."

The United States Supreme Court has laid down a two-pronged test for evaluating whether or not probable cause exists to issue a warrant. Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637 (1969). The magistrate must be presented with (1) facts showing the informant is reliable and (2) the underlying circumstances on which the substance of the "tip" is made. Since it appears the trial court, in ruling on the defendant's motion to suppress, considered only the face of the affidavit, we do likewise. State v. Scott, 11 Ariz.App. 68, 461 P.2d 712 (1969).

Unlike United States v. Roth, 391 F.2d 507 (7th Cir. 1967), the affidavit disclosed the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, viz. he was an eyewitness. The informant's credibility was not dealt with in a vague generality as in *Roth*. Past experience with the informant on narcotics cases dealing with users and dealers had proven his reliability.

Also, the affidavit recites the fact that the informant "saw" the narcotics in the defendant's possession. In State v. Ramos, 11 Ariz.App. 196, 463 P.2d 91 (1969), we held that when an affidavit indicates that the informant was an eyewitness to the actual crime, the two-pronged test for evaluating the existence of probable cause is met. See also McCreary v. Sigler, 406 F.2d 1264 (8th Cir. 1969). In other words, reliability of the informant is thereby demonstrated plus the "underlying circumstances" requisite for evaluation of the in-

1. The affidavit has not been made a part of the record on appeal. However, the state does not dispute the correctness of the recitation thereof as set forth in appellant's opening brief.

formant's "tip." We therefore reject the defendant's challenge to the sufficiency of the affidavit.

Finding no merit in the defendant's attack on his conviction, the judgment is affirmed.

HOWARD, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.