STATE OF HAWAII, Plaintiff-Appellee *v.* KENNETH JOSEPH OLIVERA, Defendant-Appellant

No. 5203

June 8, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON and KOBAYASHI, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

Kenneth Joseph Olivera was indicted for burglary in the first degree. At the arraignment proceeding held on July 28, 1969, Olivera entered a plea of not guilty. In Olivera's presence, Valta Cook, defense counsel representing Olivera, informed the presiding judge that "we would like a judge to try the case as soon as possible."[1] On August 4, 1969, at the proceeding to set a trial date, at which Olivera was present, Olivera's counsel concurred in the trial judge's state-

---

[1]THE COURT: All right. The record would show in all cases demands for jury trials have been made.
MR. COOK: No—

ment for the record that "a demand for jury-waived trial has been made."[2]

A trial by the court resulted in Olivera's conviction. On August 13, 1969, Olivera was sentenced to imprisonment at hard labor for twenty years.

Olivera filed a motion on April 7, 1971, asking that the judgment of conviction be set aside and for a new trial. A hearing on the motion was held on June 15, 1971. The motion was denied by an order dated June 21, 1971. Olivera appeals that decision to this court.

The sole question is whether a demand in open court for a jury-waived trial by an accused's counsel in the accused's presence constitutes a voluntary and knowing waiver of the accused's constitutional right to a jury trial in accordance with Rule 23(a) of the Hawaii Rules of Criminal Procedure. Rule 23(a) of the Hawaii Rules of Criminal Procedure states:

> (a) Trial by jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial with the approval of the court. The waiver shall be either by written consent filed in court or by oral consent in open court entered on the minutes.

In the present case, no written consent embodying a waiver was filed in court. The question before this court is whether demand by appellant's counsel for a trial by the court constituted a valid waiver "by oral consent in open court . . . ."

---

MR. CARLSMITH. Not necessarily.

THE COURT: All right. Mr. Cook, first, on Mr. Olivera.

MR. COOK: Your Honor, we would like a judge to try the case as soon as possible—

THE COURT: The record would show a jury-waived trial demand has been made by Mr. Cook for his client, Mr. Olivera.

[2]THE CLERK: Criminal No. 3916, State of Hawaii versus Kenneth Joseph Olivera, charged with Burglary in the First Degree.

THE COURT: The record would show a plea of not guilty has been entered and a demand for jury-waived trial has been made.

The case has been set for trial August 6, 1969, 9:30. Is that agreeable to you?

MR. ITO: Yes, your Honor.

MR. COOK: It is agreeable.

We believe a criminal defendant may effectively waive his right to a trial by jury through his legal counsel.

The right to trial by jury may be effectively waived only when the accused has acted voluntarily and knowingly. The presence and advice of counsel are highly probative in determining that a defendant has acted voluntarily and knowingly. Courts have generally assumed that counsel will perform his duty to apprise the accused of his rights afforded by law and to take steps to further the best interests of the accused. It is well established that a voluntary and knowing waiver of a jury trial may be exercised through counsel and need not be announced by the accused personally. *Territory v. Van Dalden*, 33 Haw. 113, 130-31 (1934); *State v. White*, 13 Ariz. App. 265, 266, 475 P.2d 750, 751 (1970); *State v. McPherson*, 12 Ariz. App. 281, 282, 469 P.2d 847, 848 (1970); *State v. Jelks*, 105 Ariz. 175, 177-78, 461 P.2d 473, 475 (1969); *State v. Skaff*, 22 Wis. 2d 269, 273-74, 125 N.W.2d 561, 563 (1964); *Hensley v. United States*, 281 F.2d 605, 607 (D.C. Cir. 1960). An accused's presence in court without objection to his counsel's relinquishment of the accused's right to a jury trial must be held to reflect the accused's knowing acquiescence in that decision. *People v. Novotny*, 41 Ill.2d 401, 409-10, 244 N.E. 2d 182, 187 (1968); *Eliachar v. United States*, 229 A.2d 451, 452 (D. C. 1967); *People v. King*, 30 Ill. App.2d 264, 268, 174 N.E.2d 213, 215 (1961); *Hensley v. United States, supra* at 608. In the present case, appellant's presence without objection at the arraignment proceeding and the proceeding to set a trial date shows his knowing acquiescence in the decision to waive his right to trial by jury.

An additional factor is operative in the present case. The hearing on appellant's motion to set aside judgment and for a new trial revealed that appellant was well informed of his right to a jury trial and that he voluntarily and knowingly waived this right for tactical reasons. We do not believe that the accused is entitled to a new trial when he makes an informed decision to opt for a trial by the court and, when dissatisfied with the outcome, makes a belated demand

for a jury trial. *See People v. Novotny, supra* at 186-87.

Appellant's heavy reliance on *Boykin v. Alabama,* 395 U.S. 238 (1969), is misplaced. The Court in *Boykin* held that state courts may not assume from a silent record that a guilty plea had been voluntarily made. A guilty plea amounts to a conviction of the offense charged and involves waiver of several constitutional rights: (1) privilege against compulsory self-incrimination; (2) right to a jury trial; (3) right to confront one's accusers. The mandate in *Boykin* is not binding in the present case since waiver of a jury trial has less conclusive and damaging results than a plea of guilty which waives all rights inherent in a trial. *See United States v. Hunt,* 413 F.2d 983, 984 (4th Cir. 1969); *State v. Jelks,* 105 Ariz. 175, 461 P.2d 473, 476 (1969).

It is not our intention to dilute the constitutional potency of the right to a trial by jury. On the contrary, this right, firmly ingrained in the American scheme of justice, should be jealously protected against unjust intrusion. Although the accused may effectively waive this right through his legal counsel, we recognize that it is clearly the preferred practice for the trial judge to advise the accused of his right to a jury trial and to conduct a personal interrogation of the accused. This practice would serve several useful purposes. First, it would provide a more solid factual basis for the trial judge to determine whether the defendant is fully apprised of his right to a jury trial and voluntarily wishes to relinquish this right. In addition, the trial judge's on-the-record interrogation of the accused himself would facilitate determination, in any post-conviction proceedings, as to whether the waiver was made knowingly and voluntarily and thus discourage unmeritorious appeals. *United States v. Straite,* 425 F.2d 594, 595-96 (D.C. Cir. 1970); *Jackson v. United States,* 262 A.2d 106, 109 (D.C. 1970); *United States v. Hunt, supra* at 984, *State v. Skaff,* 22 Wis.2d 269, 274, 125 N.W.2d 561, 563 (1964).

The judgment is affirmed.

*Robert W. Jinks (Carlsmith Carlsmith Wichman & Case* of counsel) for appellant.

*Jon R. Ono,* Deputy Prosecuting Attorney (*Yoshito Tanaka,* Prosecuting Attorney with him on the brief) for appellee.

DISSENTING OPINION OF LEVINSON, J.

I dissent.

The appellant's right to a trial by jury in the instant case is a fundamental right guaranteed by the sixth and fourteenth amendments of the United States Constitution, *Duncan* v. *Louisiana,* 391 U.S. 145 (1968), and by article I, section 11 of the Hawaii Constitution. As such, the question of effective waiver should be resolved in accordance with the rule which this court set out in *State* v. *Casey,* 51 Haw. 99, 100-101, 451 P.2d 806, 808-809 (1969), relating to the waiver of the right of confrontation:

> This right . . . is one of the fundamental personal rights guaranteed to an accused both in the constitution of the State of Hawaii and the United States Constitution. Such right may be waived. *Diaz* v. *United States,* 223 U.S. 442, 450 (1912). But waiver is never presumed. *Johnson* v. *Zerbst,* 304 U.S. 458, 464 (1938). For an effective waiver, there must be express and intelligent consent on the part of the accused. *Patton* v. *United States,* 281 U.S. 276, 312 (1930). Whether there has been such waiver should be determined by the trial court upon penetrating and comprehensive examination. *Von Moltke* v. *Gillies,* 332 U.S. 708, 723 (1948). That the accused waived his right with full understanding of the nature of his action must appear of record. *Johnson* v. *Zerbst, supra; Von Moltke* v. *Gillies, supra.* Presuming waiver from a silent record is not permissible. *Carnley* v. *Cochran,* 369 U.S. 506, 516 (1962).
>
> Here, the waiver, if it is effective at all, must stand on counsel's action, not on any action of appellant. Before approving the stipulation, the court did not inquire of appellant whether she authorized or acquiesced in it, or understood its import. . . .
>
> There are cases which sanction defense counsel's

waiver of certain aspects of the right . . . , where such waiver is considered as a matter of trial tactics and procedure. [Citations omitted.]

But where a waiver goes beyond the bounds of trial tactics and procedure, and impinges significantly on constitutionally guaranteed right, it must be the personal action of the beneficiary of the right.

See also, *Boykin* v. *Alabama*, 395 U.S. 238 (1969).[1]

Of course, every trial decision, which involves the exercise of judgment, is in a sense "a matter of trial tactics and procedure." The significant inquiry under *Casey* is whether the waiver at issue impinges significantly on a constitutionally guaranteed right. Construed in this light, the decision "[w]hether to be tried by a jury is an important matter to be decided by the defendant; it is not merely a tactical decision which may be left to defense counsel." American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury, commentary to Standard 1.2(b) (Approved Draft, 1968), at 38.

To me, it is beyond dispute that H.R.Cr.P. Rule 23(a) would proscribe a written waiver by counsel of a defendant's right to a jury trial. It defies logic to hold that counsel may accomplish orally what he may not by the written word.

I would reverse the judgment of the circuit court and remand for a new trial.

---

[1]The reasoning underlying the majority's attempt to distinguish the mandate of the *Boykin* decision has been rejected in the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury (Approved Draft, 1968). Standard 1.2, entitled "Waiver of trial by jury," provides in pertinent part:

(a) Cases required to be tried by jury should be so tried unless jury trial is waived.

(b) The court should not accept a waiver unless the defendant, after being advised by the court of his right to trial by jury, *personally* waives his right to trial by jury, either in writing or in open court for the record. (Emphasis added.)

The commentary to Standard 1.2(b) recognizes, at 38, that the requirement of personal waiver "parallels the requirement in guilty plea cases."