STATE OF HAWAII, Plaintiff-Appellee, *v*. GEORGE SWAIN, Defendant-Appellant

NO. 6813

AUGUST 21, 1979

RICHARDSON, C.J., OGATA, MENOR, JJ.,
RETIRED JUSTICE KOBAYASHI AND
CIRCUIT JUDGE LUM, ASSIGNED
BY REASON OF VACANCIES

*Per Curiam*. The defendant was convicted of assault in the third degree, under HRS § 707-712. He appeals, claiming (1) that the trial court erred in denying his motion for a new trial by jury, and (2) that he did not effectively waive his right to trial by jury.

The offense of which the defendant was convicted on the facts was a misdemeanor, punishable by imprisonment for not more than one year. It was not a petty misdemeanor. HRS § 707-712; HRS § 706-663. He therefore had a constitutional right to a trial by jury. *State v. Shak*, 51 Haw. 612, 466 P.2d 422 (1970); *United States v. Davis*, 430 F. Supp. 1263 (D. Hawaii 1977).

On October 3, 1977, the defendant appeared before the court in answer to the charge. The court's Minutes of Court Proceedings contain the following entry:

"Defendant present. Case continued to 10/17/77 for arr. plea and trial — a.m. Defendant referred to Public Defender."

On October 27, 1977, the defendant appeared with deputy public defender Shelton Jim On. Prior to trial, Mr. Jim On informed the court of the defendant's failure to appear at his office prior to the trial date and that his only consultation with the defendant took place shortly before trial. The trial court then asked counsel, with the defendant present, "You ready to go to trial?" The deputy public defender responded, "Yes, I am. Mr. Swain also wishes to enter a plea of not guilty at this time." Thereafter, the matter proceeded to trial, and the court on the evidence adduced found the defendant guilty as charged. There is nothing in the record to indicate that the defendant was ever advised by the court or by his counsel of his right to a trial by jury.

The defendant subsequently retained private counsel and moved for a new trial, alleging, *inter alia*, that he had been deprived of his right to a trial by jury. The district judge denied the motion and the defendant appeals.

Under HRS § 604-8,[1] a defendant in district court who has a right to a jury trial may waive that right by failing to request a

---

[1] § 604-8 Criminal, misdemeanors, generally.

District courts shall have jurisdiction of, and their criminal jurisdiction is limited to, criminal offenses punishable by fine, or by imprisonment not exceeding one year whether with or without fine. They shall not have jurisdiction over any offense for which the accused cannot be held to answer unless on a presentment or indictment of a grand jury.

In any case cognizable by a district court as aforesaid in which the accused has the right to a trial by jury in the first instance, the district court, upon demand by the accused, for such trial by jury, shall not exercise jurisdiction over such case, but shall examine and discharge or commit for trial the accused as provided by law, but if in any such case the accused does not demand a trial by jury on the date of arraignment or within ten days thereafter, the district court may exercise jurisdiction over the same. subject to the right of appeal as provided by law.

trial by jury within ten days of arraignment. However, according to Rule 5(b), Hawaii Rules of Penal Procedure,[2] a defendant, after being informed of his right to jury trial, receives such jury trial unless he waives his right in writing or orally in open court.

We need not attempt at this time to effect a reconciliation of the foregoing provisions, for we are satisfied that whichever rule or statute is applied, the defendant did not effectively waive his right to a jury trial.

Under either provision, a defendant's waiver of his constitutional right must be knowing and voluntary. *Johnson v. Zerbst*, 304 U.S. 458 (1938). Although the Sixth Amendment does not require that a judge interrogate the defendant as to the voluntariness of his waiver of a right to jury trial, it must at least be shown from the record or from the totality of circumstances that the defendant was aware of and understood his right and voluntarily waived it. *Boykin v. Alabama*, 395 U.S. 238 (1969); *United States v. Kidding*, 560 F.2d 1303 (7th Cir. 1977); *People v. Rodrigues*, 80 Cal. Rptr. 397 (Cal. App. 1969).

Rule 5(b)(1) requires that the district judge inform the defendant of his right in "appropriate" cases. It is clear that "appropriate" cases are those in which the accused has a constitutional right to a jury trial. In the case *sub judice*, since nothing on the record shows that the defendant was informed of his right by either the judge or his counsel, or that he was

---

[2] Rule 5(b)(1), Hawaii Rules of Penal Procedure, states, in pertinent part:

In addition to the requirements of Rule 10.2, the court shall in appropriate cases inform the defendant that he has a right to jury trial in the circuit court or may elect to be tried without a jury in the district court.

Rule 5(b)(3) provides:

(3) Jury Trial Election. In appropriate cases, the defendant shall be tried by jury in the circuit court unless the defendant waives in writing or orally in open court his right to trial by jury. If the defendant does not so waive his right at or before the time of entry of a plea of not guilty, the court shall forthwith commit the defendant to the circuit court for trial by jury and shall transmit to the circuit court all papers in the proceeding and any bail deposited with the district court; provided, however, that if trial by jury is waived in the circuit court, the proceedings may be remanded to the district court for disposition.

otherwise aware of it, his waiver was ineffective and his motion for new trial by jury was improperly denied.

However, Appellee argues that although the defendant did not personally waive his right, his counsel did so by proceeding to trial. Although an attorney may waive the right to trial by jury for his client, express or implied concurrence of the defendant must be obvious for the waiver to be effective. *State v. Olivera,* 53 Haw. 551, 497 P.2d 1360 (1972). This was the situation in *Olivera* where defense counsel, in the presence of the defendant, advised the trial court:

"MR. COOK: Your Honor, we would like a judge to try the case as soon as possible—

"THE COURT: The record would show a jury-waived trial demand has been made by Mr. Cook for his client, Mr. Olivera."

Additionally, in *Olivera,* this court found from the record before it that the defendant in that case was well informed of his right to a jury trial and that he voluntarily and knowingly waived this right for tactical reasons. Under those circumstances, effective waiver was found by this court.

There is nothing in the record before us, however, from which knowing and intelligent waiver in this case may be clearly implied. All that appears is a question by the court directed to defense counsel, "You ready to go to trial?" and the latter's response, "Yes, I am. [My client] also wishes to enter a plea of not guilty at this time." Waiver of a fundamental right is never presumed. *Johnson v. Zerbst, supra.*

Reversed and remanded for further proceedings consistent with this opinion.

*Michael T. I. Kim,* on the brief, for defendant-appellant.

*Robert P. Goldberg,* Deputy Prosecuting Attorney, on the brief, for plaintiff-appellee.