Keith D. CIUMMEI

v.

Ronald W. AMARAL et al.

Civ. A. No. 79–46–T.

United States District Court,
D. Massachusetts.

July 9, 1980.

Robert W. Hagopian, John B. Miller, c/o Orion Research Inc., Cambridge, Mass., for plaintiff.

Barbara A. H. Smith, Asst. Atty. Gen., Chief, Criminal App. Section, Boston, Mass., for defendants.

## OPINION

TAURO, District Judge.

Petitioner seeks habeas corpus relief from his 1975 bench trial conviction in the Massachusetts Superior Court for unarmed robbery. Ciummei filed, but did not pursue, an appeal from that conviction. A subsequent application for sentence review was filed but later withdrawn. In 1977, he filed a petition for a writ of error challenging the voluntariness of his jury waiver. That matter was referred to a special master. After examining the trial record, as well as holding an evidentiary hearing, the master recommended affirmance of the conviction. That recommendation was accepted by a single justice of the Supreme Judicial Court and later affirmed by the full bench. *Ciummei v. Commonwealth,* —— Mass. ——, 392 N.E.2d 1186 (1979).

Here petitioner advances three theories in support of his request for relief. First, he contends that the trial judge's failure to explain his right to a jury trial, and the consequences of a waiver, was error of con-

stitutional magnitude. Second, he argues that his waiver in this case was in fact not voluntarily and knowingly made. Third, he attacks on equal protection grounds the Supreme Judicial Court's refusal to apply the in-court colloquy requirement announced in *Ciummei, supra,* to Ciummei himself.

### I.

The trial judge's responsibility is to assure that a defendant's proffer of a jury waiver is both knowing and voluntary. *See Adams v. United States ex rel. McCann,* 317 U.S. 269, 275, 63 S.Ct. 236, 240, 87 L.Ed. 268 (1942). The immediate question is whether in seeking to meet that responsibility, the constitution requires the judge to conduct a contemporaneous colloquy with the defendant. A few jurisdictions have found a constitutional mandate for such a colloquy, but most have not.[1] Essentially, the majority hold that, for due process purposes, knowledge and voluntariness may be demonstrated by reference to the entire record including evidence extrinsic to the waiver hearing. A contemporaneous colloquy would be relevant evidence of knowledge and voluntariness, but not constitutionally required under the majority view.

In *Ciummei, supra,* the Supreme Judicial Court clearly put Massachusetts in the majority column, finding no constitutional right to a contemporaneous hearing. This court concurs with Justice Kaplan's thoughtful analysis of the issue and holds that there is no due process requirement for a contemporaneous colloquy in order to validate a proffered jury waiver.[2]

---

1. For cases rejecting constitutionalization of the colloquy, see *Estrada v. United States,* 457 F.2d 255 (7th Cir.), *cert. denied,* 409 U.S. 858, 93 S.Ct. 143, 34 L.Ed.2d 104 (1972); *United States v. Mitchell,* 427 F.2d 1280 (3d Cir. 1970); *United States v. Straite,* 425 F.2d 594 (D.C.Cir. 1970); *United States v. Hunt,* 413 F.2d 983 (4th Cir. 1969); *State v. Jelks,* 105 Ariz. 175, 461 P.2d 473 (1969); *Quartz v. State,* 258 So.2d 283 (Fla.Dist.Ct.App.1972); *State v. Olivera,* 53 Haw. 551, 497 P.2d 1360 (1972); *Kindle v. State,* 161 Ind.App. 14, 313 N.E.2d 721 (1974).

In *Walker v. State,* 578 P.2d 1388, 1390 (Alaska 1978), it is unclear whether the court

based its requirement of a colloquy on state or federal constitutional law or both. In *Short v. Commonwealth,* 519 S.W.2d 828, 833 (Ky. 1975), the court applied the guilty plea procedure to a jury waiver case on state constitutional grounds.

2. Independent of any constitutional requirement, several jurisdictions have deemed it advisable to require a contemporaneous colloquy by statute, rule, or in the exercise of a general supervisory power. *See, e. g., United States v. Scott,* 583 F.2d 362, 363–64 (7th Cir. 1978) (supervisory power); *see also Ciummei supra,* at 1189 (citing cases). Indeed, the Supreme

In those cases where a contemporaneous colloquy or hearing has been held to be constitutionally required, the underlying issue was whether there would be any trial of the merits. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (guilty plea); *Commonwealth v. Hill*, 375 Mass. 50, 375 N.E.2d 1168 (1978) (mental competency). The issue here is substantively different. That petitioner would be tried was never at issue. The only question was whether trial would be by bench or jury.

In Massachusetts, that choice is left to the defendant, subject to court approval.[3] The issue of jury waiver is primarily one of trial strategy. Waiver has no adverse effect on a defendant's rights to confront witnesses, avoid self-incrimination, and be judged by an impartial factfinder. *See, Ciummei, supra*, at 1189; *Boykin*, 395 U.S. *supra*, at 243, 89 S.Ct. at 1712. Having these distinguishing factors in mind, this court agrees with Justice Kaplan's conclusion that ". . . it is not unreasonable for courts to refrain, in the case of the jury right, from constitutionalizing a particular means of demonstrating the legality of the waiver." *Ciummei, supra*, at 1189.

Petitioner's fallback position is that the majority view concerning due process standards at a waiver hearing is inapposite when, as here, the trial judge is aware that the defendant has limited mental capacity. In that situation, petitioner argues, due process requires a contemporaneous colloquy before a jury may be waived. He analogizes the waiver under such a circumstance to the procedure mandated for testing the competency of a defendant to stand trial. *See Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) (mandat-

ing evidentiary hearing where judge has reason to doubt defendant's competency to stand trial); *Hill, supra* (same).

Petitioner correctly identifies the mental competency of a defendant as a relevant factor for the trial court to weigh in assessing the validity of a proffered jury waiver. His argument, however, that the added issue of competence is a matter of constitutional significance in a jury waiver setting is unpersuasive. Certainly, a trial judge must be satisfied that a defendant is not "rendered incapable of rational judgment." *Ciummei, supra*, at 1190. But, the issue of competence can be resolved on the basis of evidence independent of a contemporaneous colloquy.[4] Given a question of competency, a defendant does not even get to the point of proffering a jury waiver until the trial court has determined that the defendant is fit to stand trial. *Pate, supra.* Assuming a determination of competence, a defendant's subsequent decision to proffer a jury waiver is best characterized as a trial tactic.

Against this background, the court concludes that constitutional requirements are met when the record as a whole supports a judge's determination that a competent defendant has waived a jury trial knowingly and voluntarily. The constitution does not mandate a particular ritual as a predicate to such a determination.

## II.

Petitioner next asserts the factual argument that his waiver was neither knowing nor voluntary. Under 28 U.S.C. § 2254(d), facts found by the state court and the special master are conclusive, ab-

---

Judicial Court took the opportunity in *Ciummei* to require, "in aid of sound judicial administration," the holding of an in-court colloquy to test the knowledge and willingness of the defendant offering to waive the jury right. *Ciummei, supra*, at 1189. That requirement was made wholly prospective. *Id.* at 1190.

**3.** Under Mass.Gen.Laws ch. 263, § 6, and Mass.R.Crim.P. 19(a), a defendant may waive his jury right by submitting a written waiver sub-

ject to court approval. The requirement of court approval was added in 1979.

In the federal system, jury waiver requires the concerted consent of the government, the defendant, and the court. *See* Fed.R.Crim.P. 23(a).

**4.** Petitioner has not argued that the trial judge's determination of competence to stand trial was erroneous. *See Ciummei, supra*, at 1192–93 n. 15.

sent circumstances not present in this case.[5] The duty of a federal court on a petition for habeas corpus is to make an independent determination of the legal effect of such facts. *Brewer v. Williams,* 430 U.S. 387, 397 n. 4, 403–04, 97 S.Ct. 1232, 1239, 1242, 51 L.Ed.2d 424 (1977) (waiver of counsel right is a question of federal law applied to state court findings of fact).

█ The relevant facts as established in the state proceedings have been summarized in *Ciummei, supra,* at 1187–88 and 1190–92.[6] Among the indicia of a knowing and voluntary waiver therein recited are: (1) a jury waiver form signed by petitioner and submitted to the trial court at the beginning of trial, *see U. S. ex rel. Gentry v. Circuit Court of Cook County,* 586 F.2d 1142, 1145 (7th Cir. 1978); (2) testimony by petitioner's trial counsel that he evidenced no lack of understanding about his right to a jury trial in other criminal proceedings; (3) evidence that both the trial judge and petitioner's counsel had handled his earlier criminal prosecutions and were aware of his history of mental problems; (4) expert medical testimony supporting a finding of competency to stand trial; (5) counsel's explanation to petitioner as to the advantages of proceeding jury-waived in the face of the Commonwealth's refusal to dismiss the charge of armed robbery;[7] (6) petitioner's previous court experiences (though none of these was a jury trial); and (7) petitioner's rational and articulate trial testimony.

Petitioner assails reliance on any of these indicia on several grounds. First, he argues that his counsel failed to explain the nature of the jury—its composition, the requirement of unanimity, the defendant's participation in empanelling, etc. Second, petitioner recites the master's statement that he "was in some degree confused as to the function of the jury." Third, he points to his record of emotional disturbance and mental retardation as further aggravating the pernicious effects of the failures to inform him completely about the right he waived. Finally, petitioner attacks his trial counsel's failure to make a recommendation as to which course he should follow.

This court is not satisfied that these arguments outweigh the evidence supporting the state court's findings of a valid jury waiver. To begin with, petitioner's medical records indicate that he tended to exaggerate his retardation in a manipulative fashion. This court is persuaded by the medical record that petitioner was only mildly retarded at the time of trial, and that such retardation did not substantially impair his ability to understand either his criminal proceedings or his jury waiver. At least arguably, counsel's failure to make a formal recommendation cuts against petitioner in that there was no effort to unduly control petitioner's will. *Ciummei, supra,* at 1192, n. 13.

As for the failure to render a complete description of the jury's nature and function, the court agrees that the better practice—one now imposed on Massachusetts judges—would have been to give such a description by means of a contemporaneous colloquy. But that failure does not affect the validity of petitioner's waiver, given the other indicia of voluntariness and knowledge. Finally, while the master detected some confusion in petitioner's knowledge of the jury process, this again is not fatal in the light of the overall record, including his previous jury waivers and his past experience with the criminal justice system.

After an independent evaluation of the record, the court concludes that petitioner's jury waiver satisfied constitutional criteria.

---

5. Section 2254(d) lists eight factors which, if present, remove the presumption of conclusiveness to be accorded state court findings. Those factors relate to the adequacy of the state court fact finding procedures, the jurisdiction of the state court, the precise issues decided, the presence of counsel for the defendant, and any due process violations that may have occurred.

6. Neither party has attacked the validity or conclusiveness of those factual findings.

7. Plaintiff ultimately was convicted of unarmed robbery.

942

### III.

Petitioner's third argument concerns the refusal of the Supreme Judicial Court to apply the colloquy requirement announced in *Ciummei* to Ciummei himself. He argues that the "completely prospective" nature of that requirement violates equal protection in that it affects a fundamental interest (the right to a jury trial) while serving no compelling state interest sufficient to withstand "strict scrutiny."

As support for this argument, petitioner cites the Supreme Court's treatment of then pending cases raising the same issue as that resolved in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The holding in *Miranda* was prospective, except as to Miranda himself and three other petitioners whose cases had been consolidated for argument. All other pending cases raising the same issue were dismissed without relief. *See Desist v. United States*, 394 U.S. 244, 255, 89 S.Ct. 1030, 1037, 22 L.Ed.2d 248 (1969) (Douglas, J., dissenting).

Petitioner argues that he is entitled to retroactive relief afforded *Miranda* and his three co-petitioners. His point is that such an approach serves as incentive for litigants to raise law reform issues by holding out the hope of individual relief, even in cases where the reform is generally applied prospectively.

Were petitioner's argument cast solely in terms of traditional retroactivity doctrine, this court would not hesitate to reach its merits. The Supreme Judicial Court in *Ciummei* explicitly considered some of the factors relevant to that doctrine in deciding to make the colloquy requirement wholly prospective. *Ciummei, supra,* at 1190 & n. 10. But there is nothing on the record to indicate that the Supreme Judicial Court had before it petitioner's contention that the court's refusal to accord him individual relief would amount to a violation of equal protection. A habeas corpus petitioner must exhaust state remedies prior to seeking federal relief. There has been no such exhaustion with respect to petitioner's equal protection argument.

Petition dismissed. An order will issue.