**STATE OF HAWAII**, Plaintiff–Appellee, v. **THOMAS C. YOUNG, SR.**, Defendant–Appellant

NO. 15604

(POLICE REPORT NOS. D–31811 and D–31812)

MAY 18, 1992

LUM, C.J., WAKATSUKI, MOON,
KLEIN, AND LEVINSON, JJ.

OPINION OF THE COURT BY LUM, C.J.

Defendant–appellant Thomas C. Young (Young) was charged with and convicted of assault in the third degree, Hawaii Revised Statutes (HRS) § 707–712(1)(a) (1985), and criminal property damage in the fourth degree, HRS § 708–823(1) (1985). Young was adjudged guilty of the above two offenses after a bench trial in district court. Assault in the third degree is an offense which carries a possible prison term of up to one year and as such, Young had a right to a jury trial on that count. *See State v. Shak*, 51 Haw. 612, 466 P.2d 422, *cert. denied*, 400 U.S. 930 (1970); *State v. O'Brien*, 5 Haw. App. 491, 704 P.2d 905, *aff'd*, 68 Haw. 38, 704 P.2d 883 (1985). At issue on this appeal is whether defendant waived his right to jury trial by proceeding to trial in district court.

On the record before this court, we cannot conclude that Young was aware of and understood his right to a jury trial and voluntarily waived that right. Therefore, we reverse Young's conviction for assault in the third degree and remand for a new trial. We affirm the conviction for criminal property damage in the fourth degree, an offense which did not merit jury trial.

I.

Young first appeared in district court without benefit of defense counsel on November 19, 1990. The court put off the arraignment and plea and gave Young a two week extension to obtain defense counsel and ordered him to return to court on December 7, 1990. At this initial hearing, the court did not advise Young of his right to a trial by jury on the third degree assault charge.

Young next appeared with defense counsel on December 7, 1990 for arraignment and plea. After hearing pleas of not guilty, the court permitted defense counsel to "reserve" Young's waiver of jury trial on the assault charge pending review of the police reports. At the same time, defense counsel asked for and received a date for trial in district court of March 28, 1991.

Defense counsel did not communicate to the court again regarding the waiver of the jury trial. Instead, Young and defense counsel appeared on March 28, 1991 at which time defense counsel informed the court that she was ready to proceed and at which time trial commenced.

The court did not specifically ask either Young or defense counsel if Young was waiving his right to a jury trial, nor did the court receive a written waiver of that right signed by Young. The record does not demonstrate that Young was ever informed of his right to a jury trial except by reading into defense counsel's statement on December 7, 1991, "[w]e would ask to reserve waiver or demand of jury trial in the Assault," to mean that Young was fully informed of his right to trial by jury and could therefore make a voluntary and intelligent waiver of that right merely by appearing for trial on March 28, 1991.

## II.

At the outset, we note that this case would not be in this posture had Hawaii Rules of Penal Procedure (HRPP), Rule 5(b)(3) been carefully followed. HRPP 5(b)(3) provides:

(3) **Jury Trial Election.** In appropriate cases, the defendant shall be tried by jury in the circuit court unless the defendant waives in writing or orally in open court his right to trial by jury. If the defendant does not so waive his right at or before the time of entry of a plea of not guilty, the court shall forthwith commit the defendant to

the circuit court for trial by jury and shall transmit to the circuit court all papers in the proceeding and any bail deposited with the district court; provided, however, that if trial by. jury is waived in the circuit court, the proceedings may be remanded to the district court for disposition.

When, at arraignment and plea, defense counsel "reserved" the waiver of jury trial on December 7, 1990, the court should have committed the case forthwith to the circuit court for jury trial pursuant to Rule 5. Thereafter, if Young decided to forego jury trial in favor of a bench trial in district court, the circuit court had the power to remand the case to district court for disposition pursuant to Rule 5. Without a valid waiver on the record, a waiver is not presumed; rather, the court should have interpreted the actions of December 7, 1990 as a non–waiver and committed the case to circuit court for jury trial. Where the record is unclear if defendant is waiving his right to trial by jury at the time of arraignment and plea, the court should conclude that defendant is not waiving that right and that Rule 5 requires commitment of the case to circuit court.[1]

## III.

We next turn to the issue of waiver. In *Patton v. United States*, 281 U.S. 276, 312 (1930), the Supreme Court held that there must be "the express and intelligent consent of the defendant" for a waiver of a right to trial by jury to be effective. It is well recognized that a waiver of the right to a trial by jury cannot be presumed by a silent record. *State v. Swain*, 61 Haw. 173, 599 P.2d 282 (1979); *see also United States v. Lee*, 539 F.2d 606 (6th Cir. 1976); *Doughty v. State*, 470 N.E.2d 69 (Ind. 1984) (docket entry indicating waiver is insufficient record of knowing,

---

[1] Allowing defendant to delay his waiver of jury trial beyond arraignment and plea is a practice that creates other procedural problems as well, notably for speedy trial purposes under Rule 48.

intelligent, and voluntary waiver of right to jury trial); 2 W. LaFave & J. Israel, *Criminal Procedure* § 21.1(h) (1984 & Supp. 1991).

In *State v. Swain*, 61 Haw. 173, 176, 599 P.2d 282, 287 (1979) (citing *Johnson v. Zerbst*, 304 U.S. 458 (1938)), we said in the jury trial context, "[w]aiver of a fundamental right is never presumed." In *Swain*, we held that where an attorney merely volunteers that defense is "ready to proceed" to trial in district court, such a record cannot support a conclusion that defendant voluntarily and knowingly waived the right to trial by jury. We also said, "[a]lthough an attorney may waive the right to trial by jury for his client, express or implied concurrence of the defendant must be obvious for the waiver to be effective." 61 Haw. at 176, 599 P.2d at 287.

In *State v. Olivera*, 53 Haw. 551, 497 P.2d 1360 (1972), this court did not find reversible error where the attorney specifically waived the right to jury trial on defendant's behalf in a case where the court, with defendant present, stated that counsel was waiving jury trial on behalf of his client. In *Olivera*, we conducted a fact intensive review of the record to conclude that Olivera was "well informed" of his right to trial by jury and made a "voluntary and knowing" waiver for "tactical reasons." 53 Haw. at 553, 497 P.2d at 1362. But *Olivera* did not stand for the proposition that waiver through trial counsel is a preferred or appropriate form of waiver.

We believe that the better procedure, in keeping with the specific language of Rule 5, is that it is the defendant who must make the waiver, upon being well informed of his right to trial by jury. It is a better practice for the trial court to exact a knowing and voluntary waiver from the defendant either in writing or orally in open court at the time of the arraignment and plea. *See United States v. Cochran*, 770 F.2d 850, 852 (9th Cir. 1985) (written waiver is sufficient although colloquy recommended as it "serves three purposes: (1) it more effectively insures voluntary, knowing and intelligent waivers; (2) it promotes judicial economy by avoiding

challenges to the validity of waivers on appeal . . . or in habeas proceedings; and (3) it emphasizes to the defendant the seriousness of the decision" (citation omitted)); *State v. Conn*, 152 Vt. 99, 103, 565 A.2d 246, 248 (1989) (written waiver is sufficient although colloquy is "better practice," but "is not constitutionally required," and a written waiver suffices); *Doughty v. State*, 470 N.E.2d 69, 70 (Ind. 1984) (record "must show the personal communication of the defendant to the court that he chooses to relinquish the right;" waiver will not be implied from the record).

In order to provide clearer instructions to the lower courts and to ensure the safeguard of the right to jury trial, we now overrule *Olivera*. We choose, instead, to follow the reasoning of Justice Bernard H. Levinson, dissenting in *State v. Olivera*, in which he stated that the waiver of a fundamental right such as the right to jury trial must be through the personal action of the beneficiary of that right. Justice Levinson continued, "[i]t defies logic to hold that counsel may accomplish orally what he may not by the written word." 53 Haw. at 556, 497 P.2d at 1363.

We believe that the better reading of Rule 5 requires that the waiver of the right to jury trial be either in writing signed by the defendant or in open court from the mouth of the defendant. With any less, it is impossible for the trial court to discharge its duty to ensure that defendant's waiver of this important constitutional right is made in a voluntary and knowing manner.

## IV.

For the foregoing reasons, Young's conviction for assault in the third degree is reversed and the case is remanded for a new trial.

*Patsy M. Kim*, Deputy Public Defender, for defendant–appellant.

*Gregory F. Lakin*, Deputy Prosecuting Attorney, for plaintiff–appellee.