**STATE OF HAWAI'I**, Plaintiff–Appellee, v. **BOYFLORENCE IBUOS**, Defendant–Appellant

NO. 16438

(FC–CR. NO. 92–0328)

AUGUST 17, 1993

MOON, C.J., KLEIN, LEVINSON, NAKAYAMA, AND RAMIL, JJ.

OPINION OF THE COURT BY KLEIN, J.

After a bench trial, defendant–appellant Boyflorence Ibuos (Ibuos) was convicted of the offense of Abuse of a Family and Household Member in violation of Hawai'i Revised Statutes (HRS) § 709–906 (1985 and Supp. 1991). Ibuos's timely appeal asserts that the District Family Court of the Second Circuit improperly accepted *his counsel's* waiver of his right to a jury trial at the arraignment and plea hearing. The subsequent bench trial and conviction stemming from such an invalid waiver, Ibuos argues, violates his sixth amendment right to trial by jury.

In addition, notwithstanding the alleged constitutional violation, Ibuos argues that insufficient evidence was presented at the bench trial to convict him of the offense, thereby precluding a second trial as a result of the double jeopardy provisions of the Hawai'i and United States Constitutions. For the reasons set forth below, we vacate the trial court's judgment and remand for a new trial.

The incident prompting the charge arose out of an altercation between Ibuos and his live–in girlfriend (friend). During the course of the argument, Ibuos unplugged the house telephone in order to prevent the friend's use of the same. The friend attempted to re–plug the telephone line into the wall. In order to reach the phone jack, she apparently needed to crawl underneath a desk. While she was under the desk, Ibuos allegedly shoved the desk, causing it to impact with the friend's cheek. It was this "physical abuse" upon which the court found Ibuos guilty.

Ibuos's June 16, 1992 arraignment and plea hearing proceeded as follows:

> THE CLERK: Calling FC–CR 92–0328, State of Hawai'i versus Boyflorence Ibuos, arraignment and plea.
>
> [Deputy Public Defender]: Vicky Russell on behalf of Mr. Ibuos, who is present. Record may reflect service of the complaint. He'll waive a formal reading of the charge, enter a plea of not guilty, waive jury trial[,] and request trial and pretrial date.
>
> THE COURT: Okay, just a minute here. I better do this here on my calendar somewhere. How about Thursday, July 23rd at 8:30, courtroom 3A?
>
> [Deputy Public Defender]: Is that Trial?

THE COURT: Yeah.

[Prosecutor]: July —

THE COURT: 23rd, 3A. And pretrial on that one would be July 14th at 8:30, 3B.

[Deputy Public Defender]: Thank you, your Honor.

Hawai'i Rules of Penal Procedure (HRPP) Rule 5(b)(1) requires that "the court shall in appropriate cases inform the defendant that he has a right to jury trial in the circuit court or may elect to be tried without a jury in the district court." "Appropriate cases" arise whenever the accused has a constitutional right to a jury trial. *See Duncan v. Louisiana*, 391 U.S. 145 (1968); *State v. Swain*, 61 Haw. 173, 175, 599 P.2d 282, 284 (1979); *State v. Shak*, 51 Haw. 612, 614, 466 P.2d 422, 424, *cert. denied*, 400 U.S. 930 (1970). In Hawai'i, a statutory right to a jury trial arises whenever a criminal defendant can be imprisoned for six months or more upon conviction of the offense. HRS § 806–60. Because a person convicted of the offense of Abuse of a Family or Household Member, a misdemeanor, may be imprisoned for up to one year, (*see* HRS § 706–663 (Supp. 1992)), the court had a duty to inform Ibuos of his right to trial by jury in order to ensure a knowing and voluntary waiver of that right. Failure to obtain a valid waiver of Ibuos's fundamental right constitutes reversible error.[1] *Swain*, 61 Haw. at 176, 599 P.2d at 284.

---

[1] The court is also required to assure itself of a voluntary and knowing waiver any time a defendant waives the right to counsel or enters a guilty plea. *State v. Vaitogi*, 59 Haw. 592, 585 P.2d 1259 (1978) (court improperly accepted counsel's plea of guilty on behalf of client; colloquy between court and defendant required); *Wong v. Among*, 52 Haw. 420,

A knowing and voluntary waiver of the right to trial by jury must come directly from a defendant, either in writing or orally. HRPP Rule 5(b)(3) ("In appropriate cases, the defendant shall be tried by jury in the circuit court unless the defendant waives in writing or orally in open court his right to trial by jury."). The necessity for colloquy between the court and a defendant is especially apparent in light of the importance we place on the personal nature of a defendant's right to a jury trial. *State v. Young*, 73 Haw. 217, 222, 830 P.2d 512, 515 (1992) (overruling *State v. Olivera*, 53 Haw. 551, 497 P.2d 1360 (1972), wherein counsel was allowed to waive client's right to jury trial in court with client present). With a silent or minimal record, the burden is upon the prosecution to prove a knowing and voluntary waiver. *Wong v. Among*, 52 Haw. 420, 425, 477 P.2d 630, 634 (1970) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). However, where it appears from the record that a defendant has waived a constitutional right, the defendant carries the burden of proof to show otherwise by a preponderance of the evidence. *Eli v. State*, 63 Haw. 474, 477, 630 P.2d 113, 116 (1981) (waived right to counsel); *Reponte v. State*, 57 Haw. 354, 360–61, 556 P.2d 577, 582 (1976) (defendant found to have voluntarily waived counsel and pled guilty). Because the record is silent as to any colloquy between the court and defendant, counsel's waiver of her client's right in this instance was, therefore, invalid, violating Ibuos's right to trial by jury under the sixth amendment to the United States Constitution and article I, section 14 of the Hawai'i Constitution.

---

477 P.2d 630 (1970) (*pro se* defendant was found not to have waived right to counsel by mere presence at arraignment and plea hearing without counsel; concomitantly, defendant's guilty plea also invalid).

The prosecution's first argument is that *Young* is inapposite. In *Young*, defendant's counsel reserved defendant's right to request jury trial, as opposed to unambiguously waiving such right. We held, "[w]here the record is unclear if defendant is waiving his right to trial by jury at the time of arraignment and plea, the court should conclude that defendant is not waiving that right." 73 Haw. at 220, 830 P.2d at 514. Although the facts in *Young* are distinguishable in that, here, counsel clearly attempted to waive her client's right to trial by jury, we now clarify that the personal waiver requirement of *Young* applies to situations beyond the ambiguous waiver in *Young*.

The prosecution next argues that the provisions of HRS § 604–8 (1985), requiring an accused to "demand a trial by jury on the date of the arraignment or within ten days thereafter" in order to divest the district court of jurisdiction, takes precedence over HRPP Rule 5(b)(1)'s waiver requirement. We simply hold that nothing in HRS § 604–8 obviates the court's constitutional duty to inform a defendant of his or her right to a jury trial and that the court should not presume a "knowing and voluntary waiver" from a defendant's silence. *Swain, supra*; *Young, supra.*

Finally, the prosecution argues that Ibuos's counsel "invited" judicial error when she failed to object to the district family court's jurisdiction prior to trial, thereby rendering any violations harmless. In support of the "invited error doctrine," the prosecution cites **State v. Smith**, 68 Haw. 304, 313–14, 712 P.2d 496, 505 (1986). The court in *Smith*, however, rejected the "invited error doctrine" where the result would deprive a defendant of a constitutional right. *Id.* We similarly refuse to consider the "invited error doctrine" in this instance.

Ibuos's second point of error urges that, notwithstanding his invalid bench trial, the prosecution failed to produce sufficient evidence to support the conviction and is, therefore, barred by principles of double jeopardy from re–trying him. A reviewing court, considering the evidence in the light most favorable to the prosecution, determines whether substantial evidence exists to support the conclusion of the trier of fact on every element of the offense charged, not whether guilt was established beyond a reasonable doubt. *State v. Batson*, 73 Haw. 236, 248–49, 831 P.2d 924, 931 (1992). Upon a review of the record, the testimony of Ibuos's friend that she was hit on the side of the face when Ibuos shoved the desk into her constitutes substantial evidence supporting the trial court's conviction. The prosecution is not, therefore, precluded by principles of double jeopardy from re–trying Ibuos. *Briones v. State*, 74 Haw. 442, 469 n.21, 848 P.2d 966, 979 n.21 (1993).

Accordingly, we vacate the judgment of the family court and remand for proceedings consistent with this opinion.

On the briefs:

*Emmett E. Lee Loy* and *Theodore Y.H. Chinn*, Deputy Public Defenders, for defendant–appellant.

*James B. Takayesu*, Deputy Prosecuting Attorney, County of Maui (assisting him on the brief *Adriel C.S. Menor*, law clerk) for plaintiff–appellee.