**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000311
22-JAN-2025
10:34 AM
Dkt. 65 SO**

NO. CAAP-24-0000311

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
CHRISTOPHER MUNDON, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-22-0000316)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka, and Guidry, JJ.)

Defendant-Appellant Christopher Mundon (**Mundon**) appeals from the March 20, 2024 Judgment of Conviction and Probation Sentence (**Judgment**), entered by the Circuit Court of the Third Circuit (**Circuit Court**),[1] convicting him of Promoting a Dangerous Drug in the First Degree in violation of Hawaii Revised Statutes (**HRS**) § 712-1241(1)(a) (Supp. 2022).

Mundon raises three points of error on appeal, contending that: (1) the Circuit Court erred in denying his motion to suppress evidence; (2) the Circuit Court erred in allowing him to proceed to trial on stipulated facts; and (3) he

---

[1] The Honorable Wendy M. DeWeese presided.

received ineffective assistance of trial counsel.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Mundon's points of error as follows:

(1)  Mundon argues that the Circuit Court erred when it denied the motion to suppress because the search warrant for the white Toyota Tundra (**Toyota**) was based on an informant's stale information and the subjective opinions and beliefs of Hawaiʻi County Police Department Officer Chandler B. Nacino (**Officer Nacino**).

The Circuit Court's ruling on the motion to suppress is reviewed *de novo* to determine whether the ruling was right or wrong.  State v. Eleneki, 106 Hawaiʻi 177, 180, 102 P.3d 1075, 1078 (2004).

"Probable cause exists when the facts and circumstances within one's knowledge and of which one has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been committed."  State v. Detroy, 102 Hawaiʻi 13, 18, 72 P.3d 485, 490 (2003) (citation and quotation marks omitted).

If the criminal activity is ongoing in nature, the passage of time between an informant's last observations of that activity and the issuance of the warrant is less significant than when no such showing is made in the affidavit.  State v. Austria, 55 Haw. 565, 570, 524 P.2d 290, 294 (1974) (citations omitted).

"Direct evidence that contraband or evidence is at a particular location is not essential to establish probable cause to search the location.  A magistrate is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir. 1986) (citations omitted).

In his affidavit for the search warrant, which sought authorization for the search of Mundon's person, his residence, and a truck Mundon was known to drive, Officer Nacino stated, inter alia, that he has been a police officer for approximately eight years.  He averred that "within the last month," a confidential informant (**CI**) informed him that Mundon was distributing cocaine in the Kailua-Kona area.  The CI stated that he/she was a "former user of cocaine," had known Mundon for over one year, and observed Mundon conduct cocaine sales from his residence.

Officer Nacino arranged for the CI to make a controlled purchase of cocaine from Mundon at his residence "within the past seven (7) days."  After the controlled purchase, the CI turned over the cocaine purchased from Mundon and identified Mundon as the seller.  The CI stated that he/she observed Mundon to keep his "stash" within a backpack that is either kept on his person or in his vehicle.

Officer Nacino and vice officers conducted surveillance on Mundon to learn his day-to-day habits, and observed Mundon to

operate the Toyota, which was registered to another person.

Officer Nacino attested that based on his training and experience, it is a common practice for drug dealers/users to remove controlled substances from their residence, and keep them on their person to prevent theft of their drugs, and based on his experience in conducting searches of protected areas, "it is common practice for heroin, cocaine, methamphetamine, and marijuana to be stored in outbuildings, storage sheds, vehicles and containers."

On this record, we conclude that the Circuit Court did not err in denying Mundon's motion to suppress. The controlled purchase by the CI within seven days corroborated the reliability of the CI's information, and that the information was not stale. Based on the CI's statement that Mundon kept his "stash" within a backpack that is either kept on his person or in his vehicle, and Officer Nacino's averments, it was reasonable to infer that cocaine might be found in the Toyota that Mundon drove.

(2) Mundon argues the Circuit Court erred in accepting his agreement to a stipulated-facts trial because the Circuit Court's on-the-record colloquy with him did not include an explanation of the essential elements of the charged offenses. Mundon appears to assert that he did not knowingly and voluntarily waive his fundamental right to challenge the State's evidence because of the lack of statement of the elements of the charged offenses during the colloquy.

A trial court is required to engage in colloquy with a defendant whenever a defendant waives a fundamental right.

State v. Murray, 116 Hawaiʻi 3, 12, 169 P.3d 955, 964 (2007)
(citing State v. Ibuos, 75 Haw. 118, 121, 857 P.2d 576, 578
(1993) (involving waiver of right to jury trial); and Tachibana
v. State, 79 Hawaiʻi 226, 235-36, 900 P.2d 1293, 1302-03 (1995)
(involving waiver of right to testify)).  The colloquy is meant
to ensure that the waiver is being made directly by the
defendant, and is a knowing and voluntary waiver.  Id.

In the Agreement to Proceed to Trial Upon Stipulated
Facts (**Agreement to Proceed**), Mundon stipulated to the Circuit
Court's consideration of 110 exhibits from the State for the
purpose(s) of a determination of his guilt or innocence.[2]

Mundon did not stipulate to any element of the charged
offenses.[3]  Nonetheless, the exhibits stipulated into evidence

---

[2]     The Agreement to Proceed references "118" exhibits, which appears
to be a clerical error as it is undisputed that there were only 110.

[3]     Mundon was charged with Promoting a Dangerous Drug in the First
Degree in violation of HRS § 712-1241(1)(a) and Attempted Promotion of a
Dangerous Drug in the First Degree in violation of HRS §§ 705-500 (2014) and
712-1241(1)(b)(ii).  HRS § 712-1241(1)(a) and (b) states in part:

> **§ 712-1241 Promoting a dangerous drug in the first
> degree.**  (1) A person commits the offense of promoting a
> dangerous drug in the first degree if the person knowingly:
>
> (a)     Possesses one or more preparations, compounds,
> mixtures, or substances of an aggregate weight
> of:
>
> (i)     One ounce or more, containing
> methamphetamine, heroin, morphine, or
> cocaine or any of their respective salts,
> isomers, and salts of isomers; or
>
> (ii)    One and one-half ounce or more, containing
> one or more of any of the other dangerous
> drugs;
>
> (b)     Distributes:
>
> . . . .
>
> (ii)    One or more preparations, compounds,
>                                     (continued...)

were sufficient to support a conviction. Therefore, the Circuit Court was required to engage in a colloquy with Mundon to ensure that he understood the constitutional rights which he was waiving by agreeing to the stipulated-evidence trial. Murray, 116 Hawaiʻi 3 at 12, 169 P.3d at 964.

The Circuit Court's thorough colloquy with Mundon demonstrates that Mundon knowingly and voluntarily waived his

---

[3](...continued)

mixtures, or substances of an aggregate weight of:

(A)     One-eighth ounce or more, containing methamphetamine, heroin, morphine, or cocaine or any of their respective salts, isomers, and sales of isomers; or

(B)     Three-eights ounce or more, containing any other dangerous drug[.]

HRS § 705-500 states:

**§ 705-500 Criminal attempt.** (1) A person is guilty of an attempt to commit a crime if the person:

(a)     Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or

(b)     Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.

(2)     When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, the person intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

(3)     Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

right to challenge the State's evidence, confront witnesses, and present witnesses in his own defense.

Prior to accepting the Agreement to Proceed, the Circuit Court properly colloquyed Mundon with respect his waiver of his rights to be present in person, to a jury trial, and to testify in his own defense. During these colloquies, Mundon confirmed, *inter alia*, that his mind was clear, he was not under the influence of alcohol, illegal drugs or prescription medication, he attended two years of college and was able to speak, read, write and understand English, and he had consulted with his attorney and was satisfied with the advice and services provided by his attorney.

In the colloquy regarding the Agreement to Proceed, the Circuit Court explained to Mundon that by stipulating the exhibits into evidence, Mundon would be waiving the right to confront and cross-examine the State's witnesses, the right to object to the evidence, and the right to call witnesses on his own behalf. Mundon confirmed that he understood he would be waiving these rights, he had no questions, no one had promised him anything or was pressuring, threatening, or forcing him to agree to a stipulated-facts trial, and he consented to proceeding with a stipulated-facts trial. Mundon also confirmed that he read and understood the Agreement to Proceed and discussed it with his lawyer prior to signing it. We conclude that the colloquy was not deficient, and the Circuit Court did not err in accepting the Agreement to Proceed.

(3)  Mundon argues that he received ineffective assistance of counsel, because his attorney allowed him to waive most of his fundamental constitutional trial rights, and presented no defense for him, even though Mundon maintained his not guilty plea.

A defendant claiming ineffective assistance of counsel must show that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence, and the errors or omissions resulted in the withdrawal or substantial impairment of a potentially meritorious defense.  State v. Yuen, 154 Hawaiʻi 434, 444, 555 P.3d 121, 131 (2024).

After the Circuit Court ruled that it was denying Mundon's motion to suppress evidence, trial counsel stated, "I think that we all know that the basis for this whole case pretty much is made in these motions," and "a trial in this case really does nothing to help us in terms of – ultimately, if we're going to prevail, that we're going to prevail on appeal on these issues."  Trial counsel said he would speak to Mundon about agreeing to a stipulated-facts trial to avoid wasting time and his "client's money relative to what we ultimately have to get to."

Mundon points to no specific errors or omissions that resulted in the withdrawal or substantial impairment of a potentially meritorious defense.  Additionally, some benefit to Mundon was derived from the stipulated-facts trial, and the on-the-record colloquy established that Mundon knowingly and voluntarily waived his right to confront the State's witnesses,

challenge the State's evidence, and present witnesses in his own defense.  We conclude that Mundon fails to establish that he received ineffective assistance of counsel.

For these reasons, the Circuit Court's March 20, 2024 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, January 22, 2025.

On the briefs:

Benjamin E. Lowenthal,
Deputy Public Defender,
Office of the Public Defender,
for Defendant-Appellant.

Nathan A Wersal,
Deputy Prosecuting Attorney,
Office of the Prosecuting
Attorney,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge