**UNITED STATES of America,**
**Appellee,**

v.

**Robert Kenneth HUNT, Jr. and Joseph John Glassmeyer, Appellants.**

**No. 13176.**

United States Court of Appeals
Fourth Circuit.

Submitted June 9, 1969.

Decided July 9, 1969.

Robert E. Riddle, Asheville, N. C. (Court-appointed counsel), on brief for appellant.

William Medford, U. S. Atty., on brief for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Whether the failure to interrogate defendants as to the voluntariness of their waiver of a jury trial, and whether four-year sentences imposed on them upon their convictions for interstate transportation of a stolen motor vehicle, 18 U.S.C.A. § 2312, constitute reversible error are the questions for decision. We declined to hear oral argument.

Defendants waived a jury trial, in accordance with Rule 23(a), Fed.R. Crim.P., by stating through counsel in open court that they waived a jury trial and by executing a written waiver in open court, witnessed by the clerk. The written waiver recited that defendants were represented by counsel, had been furnished with a copy of the indictment against them, had been advised of the nature of the charges against them and had been "informed of their rights." Defendants were not interrogated by the

district judge to show that they understood that they had a right to a jury trial, and that, with that knowledge, they freely and voluntarily relinquished that right. The United States Attorney consented to the waiver and the Court approved it.

Neither Rule 23(a) nor any decision to which we have been referred required the omitted interrogation. We do not read Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930), to the contrary. Nor do the recent decisions in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), determine the question. The execution of the written waiver in open court constituted literal and full compliance with Rule 23(a).

We hold that nothing more was required, either by Rule 23(a), or the Sixth Amendment. Undoubtedly, it is better practice for a district judge, when advised by a defendant that he desires to waive his right to a jury trial, to interrogate the defendant so as to satisfy himself that the defendant is fully apprised of his rights and freely and voluntarily desires to relinquish them. Such an interrogation would provide the district judge with an additional factual basis on which to grant or withhold his approval of the waiver. It would tend to obviate motions under 28 U.S.C.A. § 2255 and discourage groundless appeals. Of course, if defendants, or either of them, were not aware of their rights or, knowing them, did not freely and voluntarily relinquish them, the matter may be subsequently raised by motion under 28 U.S.C.A. § 2255.

The maximum sentence which may be imposed upon a conviction under 18 U.S.C.A. § 2312 is five years. Defendants, having been sentenced to less than the maximum, absent extraordinary circumstances, have no meritorious complaint.

Affirmed.