UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 06-4841
(3:05-cr-00313-JRS)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARRYL BOYNES, JR.,

Defendant - Appellant.

O R D E R

The court amends its opinion filed February 4, 2008, as follows:

On the cover sheet, second line of the attorney information section, the word "Special" is deleted.

On page 5, paragraph 2, line 18, the word "suggest" is corrected to read "suggests."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

  *Plaintiff-Appellee,*

v.

DARRYL BOYNES, JR.,

  *Defendant-Appellant.*

No. 06-4841

Appeal from the United States District Court for
the Eastern District of Virginia, at Richmond.
James R. Spencer, Chief District Judge.
(3:05-cr-00313-JRS)

Argued: September 25, 2007

Decided: February 4, 2008

Before KING and GREGORY, Circuit Judges,
and Samuel G. WILSON, United States District Judge for
the Western District of Virginia, sitting by designation.

Affirmed by published opinion. Judge Wilson wrote the majority opinion, in which Judge King joined. Judge Gregory wrote a dissenting opinion.

## COUNSEL

**ARGUED:** Robert Edwin Walker, Jr., Richmond, Virginia, for Appellant. Richard Daniel Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Chuck Rosenberg, United

States Attorney, Alexandria, Virginia; Peter S. Duffey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

## OPINION

WILSON, District Judge:

The United States charged Darryl Boynes, Jr., in a three-count indictment with conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846, distribution of crack cocaine in violation of 21 U.S.C. § 841, and use of a firearm to commit murder in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c) and 924 (j), a capital offense. The case was tried by the court following a written motion to waive trial by jury, and the court found Boynes guilty on all three counts. Months later Boynes claimed that his counsel, not he, had waived trial by jury. Following a hearing, the court found that Boynes, in fact, had knowingly and voluntarily waived his right to trial by jury and sentenced Boynes to life plus 480 months. Boynes raises the correctness of the district court's finding that he knowingly and voluntarily waived his right to trial by jury as the single issue in this appeal. We affirm.

I

This case stems from a crack cocaine deal that degenerated into a murder. On October 16, 2003, Boynes shot and killed William "Bike-man" Jenkins on a Richmond street after Jenkins' apparent attempt to steal a small amount of cocaine from Boynes. Police arrested Boynes on May 10, 2005 on a criminal complaint alleging drug distribution and use of a firearm in the commission of a drug crime.

Boynes requested counsel, and the court appointed Peter Eliades. Eliades represented Boynes at Boynes' preliminary and detention hearing. Within a month of that hearing, Boynes wrote a letter to the court asking for new counsel, citing his "adversarial" relationship with Eliades. The court relieved Eliades and appointed Jeffrey L. Everhart as Boynes' new counsel. Everhart negotiated a plea agree-

ment that would have included a 35-year prison sentence but would have avoided the death penalty. Boynes backed out of the plea agreement on July 21, 2005, the day of the plea hearing. Six days later Boynes appeared in court again to plead guilty, having signed a plea agreement. Although Boynes said in open court that he was satisfied with his counsel, he denied guilt, and the district court consequently did not accept the guilty plea.

In August 2005, Boynes wrote a letter, nearly identical to the one complaining about Eliades, complaining that Boynes and Everhart had become "adversarial." Boynes filed other pro se motions, some questioning Everhart's performance. The court denied Boynes' request for new counsel. On September 7, 2005, a grand jury indicted Boynes on the present charges. The case was set for jury trial. On January 16, 2006, Everhart met with Boynes, and Boynes said he wanted to waive his right to a jury and have his case tried by the judge. Boynes and Everhart discussed Boynes' reasons for this decision. Everhart then filed a written motion to waive trial by jury, which was not signed by Boynes. The United States did not object, and the court granted the motion. Everhart's later written correspondence and personal meetings with Boynes made explicit mention of the waiver, including advice to make eye contact with the judge during trial. Boynes made no complaint.

At trial, Boynes testified at length, as did police and eyewitnesses to the murder. The district court found Boynes' testimony incredible and convicted him. Almost three months later, Everhart filed a motion to withdraw, citing the fact that Boynes had filed a complaint with the Virginia State Bar. The court appointed Mark Tyndall as Boynes' third counsel. On July 26, 2006, Tyndall filed a pleading entitled "Defendant's Position in Regards to Waiver of Jury Trial and Motion for New Trial," which was the first mention to the district court of any jury waiver issue. The district court held a hearing where Everhart testified at length regarding Boynes' insistence on waiving his jury trial right. The court received in evidence letters and other documents that Everhart sent to Boynes after Boynes requested the waiver. Everhart's letters and the copy of the court's order granting the waiver all explicitly mention the waiver, according to the transcript of the hearing. Boynes did not testify. The district court found Boynes' waiver to be knowing, intelligent, and voluntary and denied the motion for

a new trial. The court sentenced Boynes to life imprisonment plus 480 months. Boynes then brought this appeal.

II

Boynes contends that he did not knowingly, intelligently, and voluntarily waive his right to a jury trial. Cobbling together several strains of argument, Boynes contends that without a "formal court inquiry" he could not have knowingly, intelligently, and voluntarily waived his right to a jury trial during the time that his relationship with his attorney was "characterized by adversarial contentious interactions." Although we reiterate our view that it is much preferable for a district court to insure itself on the record before accepting the defendant's jury waiver, it is not a constitutional imperative. The constitutional imperative is this, no less and no more: the waiver must be knowing, intelligent, and voluntary. The district court's findings of historical fact are reviewed for clear error, though the ultimate question of waiver is reviewed de novo. *United States v. Khan*, 461 F.3d 477, 491 (4th Cir. 2006) (citing *United States v. Robertson*, 45 F.3d 1423, 1430 (10th Cir. 1995), which more fully articulates the standard of review). Accordingly, because we find no clear error in the district court's factual findings and we agree with the district court as to constitutional sufficiency of the waiver on those facts, we affirm.

Rule 23(a) of the Federal Rules of Criminal Procedure provides that "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." The Sixth Amendment requires that the waiver be knowing, voluntary, and intelligent. *Patton v. United States*, 281 U.S. 276, 312-13 (1930) *overruled on other grounds by Williams v. Florida*, 399 U.S. 78, 92 (1970). In *United States v. Hunt*, 413 F.2d 983 (4th Cir. 1969) (per curiam), this court specifically held that although it is undoubtedly the "better practice," neither Rule 23(a) nor the Sixth Amendment requires the district court "to interrogate defendants as to the voluntariness of their waiver of a jury trial . . . ." *Id.* at 983. In effect, compliance with Rule 23(a) was sufficient to support the waivers in the absence of evidence that the waivers were not knowing, voluntary and intelligent.

Recently, this court reached a similar result. In *United States v. Khan*, 461 F.3d 477, 491 (4th Cir. 2006), defendants argued that their

"jury trial waiver was invalid because the district court did not obtain a written waiver or otherwise conduct a colloquy on the record and determine that their waiver was knowing, voluntary and intelligent." In making that argument defendants primarily relied on *United States v. Robertson*, 45 F.3d 1423 (10th Cir. 1995), and the suggestion of other circuits that a "waiver presented by counsel is inadequate, absent some other showing to satisfy an appellate court that it was actually knowing, voluntary and intelligent." *Khan*, 461 F.3d at 491-492. This court rejected the argument noting that "in this circuit . . . we have not imposed such a requirement" but instead have held that "while it would be 'better practice' for a district judge to interrogate a defendant who claims through counsel that he wants to waive his jury trial right, nothing in the applicable case law, Rule 23(a) itself, or the Constitution requires it." *Id.* at 492.

Everhart testified at the post-trial hearing that Boynes insisted that he waive trial by jury. Boynes believed he would have a better chance because the court would better understand the self-interested motives the cooperating witnesses would have in testifying against him. He believed that the district court judge "based on his experience, knowing how the system works, would be less inclined to believe the testimony of those individuals . . . ." J.A. 442. After discussing the ramifications with Boynes, Everhart discussed the matter with the government, the government agreed to waive, Everhart filed the requisite written motion, the United States formally consented, the court entered a written order granting the motion, and Everhart sent Boynes a copy of that order. Not once did Boynes indicate surprise or protest that he was being tried by the court, and he neither testified nor offered one shred of evidence contradicting Everhart concerning the waiver, although he certainly could have testified if he wanted. Having a full understanding of the record, the district court found that Boynes had knowingly and voluntarily waived his right to trial by jury. Neither the Constitution nor this circuit's precedent suggests that the district court's actions were deficient.

Boynes suggests that he "could not have" knowingly, intelligently and voluntarily waived his right to a jury trial during the time that his relationship with his attorney was "characterized by adversarial contentious interactions."[1] His conclusion, however, does not follow from

---

[1]Boynes argued in the district court that he was entitled to trial by jury, that the "waiver of such a fundamental right must be a knowing and

his premise. A knowing, intelligent, and voluntary waiver and contentious attorney-client interactions are not mutually exclusive. Although there are no doubt circumstances calling into question the validity of a jury waiver that would require reversal if not sufficiently resolved by the district court,[2] that is certainly not the case here. On this record we are presented with a presumptively valid written waiver, a full hearing on the validity of the waiver in open court, and a judicial finding that the waiver is knowing, intelligent, and voluntary. The district court noted there is "no evidence" that Everhart filed the motion to waive jury trial without Boynes' consent. On appeal, Boynes has still not pointed to a scintilla of evidence that contradicts Everhart's testimony and the district court's findings as to the circumstances surrounding the waiver. We therefore find no clear error in the district judge's findings.

III

For the reasons stated, the judgment of the district court is affirmed.

---

intelligent waiver," and that the record contained "no written or oral waiver of a jury by the defendant himself." J.A. 428-29. Boynes argued that he did not waive. Boynes never argued that he "could not have" waived during the time that his relationship with his attorney was "characterized by adversarial contentious interactions." Neither Boynes' motion nor his argument in the district court even obliquely mentions or characterizes Boynes' relationship with Everhart. However, there is no reason Boynes could not have made that argument if he intended it to be the linchpin of his argument here. Boynes had new counsel, and his new counsel had the benefit of the transcripts of the earlier proceedings. Had he raised his current argument in the district court, we at least would have the benefit of the district court's perspective on the matter. Ordinarily, failure to raise an argument below limits our review to plain error. *See United States v. Littleton*, 76 F.3d 614, 618 n.7 (4th Cir. 1996). Because, however, the district court's decision survives de novo review we find it unnecessary to apply the less demanding plain error analysis.

[2]*See, e.g., Wyatt v. United States*, 591 F.2d 260, 265 n.5 (4th Cir. 1979) (noting that interrogations by district judges approving jury waivers in advance of trial might well develop facts that are critically important to the waiver).

*AFFIRMED*

GREGORY, Circuit Judge, dissenting:

Today, the majority affirms the district court's decision that Boynes, who was sentenced to life in prison plus 480 months, had voluntarily waived his right to a jury. This Court has never held that such a crucial determination of this inviolable constitutional right can be made at a post-conviction hearing. To permit district courts to determine whether defendants voluntarily waived their constitutional right to a jury at a post-conviction hearing effectively reduces this constitutional guarantee to a matter of credibility. The Supreme Court has made clear that an express and intelligent consent by the defendant must be determined prior to a bench trial. Thus, respectfully, I must dissent.

The Constitution guarantees every defendant the right to a jury. The Supreme Court has held that "[n]ot only must the right of the accused to a trial by a constitutional jury be jealously preserved[, but] before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, *in addition to the express and intelligent consent of the defendant*." *Patton v. United States*, 281 U.S. 276, 312 (1930) (emphasis added); *see also*, *Adams v. United States*, 317 U.S. 269, 271 (1942) (holding that ". . . an accused, in the exercise of a free and intelligent choice, and with the considered approval of the court, may waive trial by jury . . . There is nothing in the Constitution to prevent an accused from choosing to have his fate tried before a judge without a jury . . ."). The Supreme Court also counseled courts not to discharge their duty "as a mere matter of rote but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from [jury trials] or from any of the essential elements thereof, and *with a caution increasing in degree as the offenses dealt with increase in gravity*." *Id.* (emphasis added).

Prior to his arraignment, Boynes filed two letters pro se with the district court requesting new counsel. Specifically, Boynes stated he lost trust and confidence in his attorney and had concerns about their adversarial attorney-client relationship. (J.A. 60, 62-63). At his arraignment, Boynes requested a jury trial in open court. (J.A. 73).

Subsequently, he filed two additional letters with the district court, reiterating his concerns, including that his defense counsel was pushing him to plead guilty and that he was receiving ineffective assistance of counsel. (J.A. 75-76, 118-119). Defense counsel filed a motion to waive Boynes's right to a jury. (J.A. 130). The motion was not signed by Boynes and did not show that a copy was sent to him. The Government consented and the district court granted the motion without a hearing. (J.A. 132). At trial, Boynes raised no objections to the bench trial.* After a half-day murder trial at which Boynes testified in his own behalf, the trial judge convicted Boynes. A few months later Boynes filed a motion for a new trial on the grounds that defense counsel had waived his right to a jury without his permission. (J.A. 428-436). A hearing was held. At the hearing, defense counsel testified that Boynes had requested a bench trial. Boynes did not testify. Based on defense counsel's testimony, the district court found that Boynes had waived his right to a jury and on that same day sentenced him to life in prison plus 480 months. (J.A. 463).

Because Boynes stated in open court that he wished to have a jury, the district court was required to seek a clear, affirmative acknowledgment from Boynes that he did not want a jury. While there is no per se rule in this Circuit requiring a colloquy, the Supreme Court demands that the district court find that the defendant has voluntarily, intelligently and knowingly waived his right to a jury before a bench trial. *See Patton*, 281 U.S. at 312; *Adams*, 317 U.S. at 271. This crucial determination cannot be accomplished at a post-conviction hearing.

The facts in our other decisions on jury trial waivers are easily distinguished from the facts in this case. In *United States v. Hunt*, 413 F.2d 983, 983-84 (4th Cir. 1969), the defendants had signed the waiver and were present in court when their attorneys presented it. The waiver stated "that defendants were represented by counsel, had been furnished with a copy of the indictment against them, had been advised of the nature of the charges against them and had been 'informed of their rights.'" 413 F.2d 983 (4th Cir. 1969). Unlike in

---

*Boynes was 19 years old when he was charged and had no criminal record, therefore one could hardly argue that he was a savvy criminal defendant. (J.A. 30, 461).

*Hunt*, there was no communication directly from Boynes to the district court that he wished to waive his right to a jury. In addition, the waiver was not signed by Boynes nor did the court conduct a colloquy prior to commencing the bench trial.

In *Wyatt v. United States*, the defendant requested a jury, then later executed a written waiver. 591 F.2d 260, 263 (4th Cir. 1979). At the same time, defense counsel certified that he had discussed and advised Wyatt of his rights. The government consented to the waiver and the court approved. Unlike Boynes, Wyatt never denied that he had voluntarily waived his right to a jury. The same is true of the defendants in *United States v. Khan*, 461 F.3d 477, 491-92 (4th Cir. 2006). Here, in contrast, whether Boynes voluntarily waived his right to a jury is at the heart of the inquiry.

The majority correctly notes that Boynes could have testified at the post-conviction hearing, but had he, it would have come down to assessing the weight of his testimony. Whether one has waived his right to a jury is too important to be left to a credibility judgment. Accepting a waiver signed by defense counsel is insufficient to satisfy the knowing, intelligent, and voluntary requirement, especially in light of the clear adversarial nature of Boynes's relationship with his attorney, (see J.A. 46, 47, 48, 49.) The district court should have determined that Boynes had expressly waived his right to a jury prior to conducting the bench trial. Because the district court did not make this determination prior to conducting the bench trial, Boynes faced the Herculean challenge at a post-conviction hearing of convincing the judge who had earlier found him not credible beyond a reasonable doubt that he did not waive his right to a jury. Such an exceptional burden should never attend the defendant's fundamental right to a jury.