GREGORY, Circuit Judge,
dissenting:
Today, the majority affirms the district court’s decision that Boynes, who was sentenced to life in prison plus 480 months, had voluntarily waived his right to a jury. This Court has never held that such a crucial determination of this inviolable constitutional right can be made at a post-conviction hearing. To permit district courts to determine whether defendants voluntarily waived their constitutional right to a jury at a post-conviction hearing effectively reduces this constitutional guarantee to a matter of credibility. The Supreme Court has made clear that an express and intelligent consent by the defendant must be determined prior to a bench trial. Thus, respectfully, I must dissent.
The Constitution guarantees every defendant the right to a jury. The Supreme Court has held that “[n]ot only must the right of the accused to a trial by a constitutional jury be jealously preserved[, but] before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant.” Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930) (emphasis added); see also, Adams v. United States, 317 U.S. 269, 271, 63 S.Ct. 236, 87 L.Ed. 268 (1942) (holding that “... an accused, in the exercise of a free and intelligent choice, and with the considered approval of the court, may waive trial by jury ... There is nothing in the Constitution to prevent an accused from choosing to have his fate tried before a judge without a jury ... ”). The Supreme Court also counseled courts not to discharge their duty “as a mere matter *289 of rote but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from [jury trials] or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.” Id. (emphasis added).
Prior to his arraignment, Boynes filed two letters pro se with the district court requesting new counsel. Specifically, Boynes stated he lost trust and confidence in his attorney and had concerns about their adversarial attorney-client relationship. (J.A. 60, 62-68). At his arraignment, Boynes requested a jury trial in open court. (J.A. 73). Subsequently, he filed two additional letters with the district court, reiterating his concerns, including that his defense counsel was pushing him to plead guilty and that he was receiving ineffective assistance of counsel. (J.A. 75-76, 118-119). Defense counsel filed a motion to waive Boynes’s right to a jury. (J.A. 130). The motion was not signed by Boynes and did not show that a copy was sent to him. The Government consented and the district court granted the motion without a hearing. (J.A. 132). At trial, Boynes raised no objections to the bench trial.* After a half-day murder trial at which Boynes testified in his own behalf, the trial judge convicted Boynes. A few months later Boynes filed a motion for a new trial on the grounds that defense counsel had waived his right to a jury without his permission. (J.A. 428^436). A hearing was held. At the hearing, defense counsel testified that Boynes had requested a bench trial. Boynes did not testify. Based on defense counsel’s testimony, the district court found that Boynes had waived his right to a jury and on that same day sentenced him to life in prison plus 480 months. (J.A. 463).
Because Boynes stated in open court that he wished to have a jury, the district court was required to seek a clear, affirmative acknowledgment from Boynes that he did not want a jury. While there is no per se rule in this Circuit requiring a colloquy, the Supreme Court demands that the district court find that the defendant has voluntarily, intelligently and knowingly waived his right to a jury before a bench trial. See Patton, 281 U.S. at 312, 50 S.Ct. 253; Adams, 317 U.S. at 271, 63 S.Ct. 236. This crucial determination cannot be accomplished at a post-conviction hearing.
The facts in our other decisions on jury trial waivers are easily distinguished from the facts in this case. In United States v. Hunt, 413 F.2d 983, 983-84 (4th Cir.1969), the defendants had signed the waiver and were present in court when their attorneys presented it. The waiver stated “that defendants were represented by counsel, had been furnished with a copy of the indictment against them, had been advised of the nature of the charges against them and had been ‘informed of their rights.’ ” 413 F.2d 983 (4th Cir.1969). Unlike in Hunt, there was no communication directly from Boynes to the district court that he wished to waive his right to a jury. In addition, the waiver was not signed by Boynes nor did the court conduct a colloquy prior to commencing the bench trial.
In Wyatt v. United States, the defendant requested a jury, then later executed a written waiver. 591 F.2d 260, 263 (4th Cir.1979). At the same time, defense counsel certified that he had discussed and advised Wyatt of his rights. The government consented to the waiver and the court approved. Unlike Boynes, Wyatt never denied that he had voluntarily waived his right to a jury. The same is *290 true of the defendants in United States v. Khan, 461 F.3d 477, 491-92 (4th Cir.2006). Here, in contrast, whether Boynes voluntarily waived his right to a jury is at the heart of the inquiry.
The majority correctly notes that Boynes could have testified at the post-conviction hearing, but had he, it would have come down to assessing the weight of his testimony. Whether one has waived his right to a jury is too important to be left to a credibility judgment. Accepting a waiver signed by defense counsel is insufficient to satisfy the knowing, intelligent, and voluntary requirement, especially in light of the clear adversarial nature of Boynes’s relationship with his attorney, (see J.A. 46, 47, 48, 49.) The district court should have determined that Boynes had expressly waived his right to a jury prior to conducting the bench trial. Because the district court did not make this determination prior to conducting the bench trial, Boynes faced the Herculean challenge at a post-conviction hearing of convincing the judge who had earlier found him not credible beyond a reasonable doubt that he did not waive his right to a jury. Such an exceptional burden should never attend the defendant’s fundamental right to a jury.

 Boynes was 19 years old when he was charged and had no criminal record, therefore one could hardly argue that he was a savvy criminal defendant. (J.A. 30, 461).