**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5091**

———————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ELISE MARIE E. HAMEED, a/k/a Elise Marie Evans Hameed,
a/k/a Marie-Elise Evans, a/k/a Marie Elise-Evans Hameed

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:08-cr-00510-CCB-1)

———————

Submitted:  June 29, 2012                Decided:  July 6, 2012

———————

Before WILKINSON, GREGORY, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary E. Davis, DAVIS & DAVIS, Washington, D.C., for Appellant.
Jefferson McClure Gray, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elise Marie E. Hameed was convicted after a bench trial on stipulated facts of various counts of mail and wire fraud. She was sentenced to twenty-four months in prison. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the voluntariness of Hameed's waiver of a jury trial but concluding that there are no meritorious issues for appeal. Neither the Government nor Hameed has filed a brief. We affirm.

Rule 23(a) of the Federal Rules of Criminal Procedure provides that "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." The Sixth Amendment requires that the waiver be knowing, voluntary, and intelligent. Patton v. United States, 281 U.S. 276, 312-13 (1930), overruled on other grounds by Williams v. Florida, 399 U.S. 78, 92 (1970). While neither Rule 23 nor the Constitution requires an explicit waiver colloquy, we have noted that such an examination is the "better practice." United States v. Boynes, 515 F.3d 284, 287 (4th Cir. 2008).

Here, Hameed waived the right to a jury trial in writing. The document was also signed by the Government and the district court. In addition, the court conducted an extended

2

colloquy, ensuring that Hameed understood the rights she was waiving and that she and her counsel had had sufficient time to discuss her options and arrive at a decision. Hameed presents nothing to question the veracity of her statements in open court. Accordingly, we conclude that the record shows that Hameed's waiver was knowing and voluntary.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. As such, we affirm Hameed's convictions and sentence. This court requires that counsel inform Hameed in writing of her right to petition the Supreme Court of the United States for further review. If Hameed requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hameed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED