**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-7711**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DARRYL BOYNES, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (3:05-cr-00313-JRS-1; 3:10-cv-00716-JRS)

Submitted: June 1, 2012          Decided: June 13, 2013

Before KING, GREGORY, and AGEE, Circuit Judges.

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

Darryl Boynes, Jr., Appellant Pro Se. Peter Sinclair Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl Boynes, Jr., seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. See United States v. Boynes, No. 3:05-cr-00313 (E.D. Va. Oct. 20, 2011). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B). We hereby grant a certificate of appealability on the issue of whether the district court erred in dismissing, without an evidentiary hearing, Boynes's claim that his lawyer Mark Tyndall rendered ineffective assistance due to a conflict of interest (the "Sixth Amendment claim").

The premise of the Sixth Amendment claim is that, because of Tyndall's friendship with former defense counsel Jeffrey Everhart, Tyndall refused to allow Boynes to testify at a July 31, 2006 post-trial hearing in support of his contention that Everhart waived Boynes's right to a jury trial without his knowledge and consent. The district court determined that the jury waiver was valid, and, on direct appeal, we affirmed. See United States v. Boynes, 515 F.3d 284 (4th Cir. 2008). In these subsequent § 2255 proceedings, Boynes alleges that he had insisted to Tyndall "that he wanted to explain to the court that . . . he never discussed [with Everhart] waiving his right to jury trial." Informal Br. of Appellant 12. Boynes further asserts that he was informed by Tyndall, "at the end of the

2

hearing on July 31, 2006," that Tyndall "could not pursue the issue to the district court because of his friendship and close relationship with [Everhart]." Id. at 12, 15.

Proving the Sixth Amendment claim will be no easy task for Boynes. In order to avoid having to demonstrate prejudice, Boynes must show that Tyndall labored under an "actual conflict of interest." See Cuyler v. Sullivan, 446 U.S. 335 (1980). As we have explained,

> [t]he Sullivan standard requires a showing that (1) petitioner's lawyer operated under a "conflict of interest" and (2) such conflict "adversely affected his lawyer's performance." 446 U.S. at 348. If the petitioner makes this showing, prejudice is presumed and nothing more is required for relief. See id. at 349-50.

United States v. Nicholson, 611 F.3d 191, 205 (4th Cir. 2010). Absent an actual conflict of interest, the usual standard for Sixth Amendment ineffective assistance claims applies. Under that standard, Boynes would have to show "'that counsel's performance was deficient' and 'that the deficient performance prejudiced the defense.'" Nicholson, 611 F.3d at 205 (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Despite the difficulties confronting Boynes in his effort to prove the Sixth Amendment claim, we cannot say that his "motion and the files and records of the case conclusively show that [he] is entitled to no relief." See 28 U.S.C. § 2255(b). Accordingly, an evidentiary hearing is required. See, e.g.,

3

United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992) ("When a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary.").

We therefore vacate the district court's judgment as to the Sixth Amendment claim and remand for an evidentiary hearing on that claim only. As to Boynes's other claims, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART,
VACATED IN PART,
AND REMANDED

4