***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 Electronically Filed
 Supreme Court
 SCWC-11-0000338
 30-OCT-2013
 08:07 AM

 IN THE SUPREME COURT OF THE STATE OF HAWAI#I

 ---o0o---

 STATE OF HAWAI#I, Respondent/Plaintiff-Appellee,

 vs.

 LUIS GOMEZ-LOBATO, Petitioner/Defendant-Appellant

 SCWC-11-0000338

 CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
 (CAAP-11-0000338; FC-CR NO. 10-1-279K)

 OCTOBER 30, 2013

 RECKTENWALD, C.J., NAKAYAMA, McKENNA, AND POLLACK, JJ.,
 WITH ACOBA, J., CONCURRING SEPARATELY

 OPINION OF THE COURT BY RECKTENWALD, C.J.

 Luis Gomez-Lobato was charged with one count of Abuse

of Family or Household Member in relation to an incident

involving his former girlfriend. At a pre-trial hearing, Gomez-

Lobato was represented by counsel and had the assistance of a

Spanish-language interpreter. After a brief exchange, the Family
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

Court of the Third Circuit Court recessed, and Gomez-Lobato and

his interpreter reviewed the standardized jury trial waiver form.

Gomez-Lobato provided his initials and signature on the form.

The family court then reconvened and asked Gomez-Lobato several

questions through the interpreter, including: (1) whether his

initials and signature were on the form; (2) whether he

understood what he was signing; (3) whether the form was

explained to him in Spanish; and (4) whether he discussed the

form with his attorney. Gomez-Lobato answered these questions

affirmatively. The family court also asked Gomez-Lobato if he

had any questions, to which Gomez-Lobato responded, “No.” The

family court concluded that Gomez-Lobato knowingly, voluntarily,

and intelligently waived his right to a jury trial.

 Following a bench trial, Gomez-Lobato was convicted of

one count of Abuse of Family or Household Member. Gomez-Lobato

appealed to the Intermediate Court of Appeals and argued that he

did not validly waive his right to a jury trial. The ICA,

however, affirmed his conviction and determined, inter alia, that

under the totality of the circumstances, Gomez-Lobato knowingly,

voluntarily, and intelligently waived his right to a trial by

jury. State v. Gomez-Lobato, No. CAAP-11-0000338, 2012 WL

5272234, at **1-2 (Haw. App. Oct. 25, 2012).

 In his application for writ of certiorari, Gomez-Lobato

raises the following questions: (1) whether he validly waived his

right to a jury trial; and (2) whether the family court erred in

 -2-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

sentencing Gomez-Lobato. Based on the record before us, we

conclude that the family court erred in determining that Gomez-

Lobato’s jury waiver was made voluntarily, knowingly, and

intelligently. We therefore vacate the ICA’s and the family

court’s judgments and remand the case for a new trial. Given

this disposition, we do not address Gomez-Lobato’s argument

regarding sentencing.

 I. Background

 The following factual background is taken from the

record on appeal.

A. Family Court Proceedings

 Gomez-Lobato was charged by complaint with

“intentionally, knowingly or recklessly physically abus[ing

Complainant], a family or household member, thereby committing

the offense of Abuse of Family or Household Member,” in violation

of Hawai#i Revised Statutes (HRS) § 709-906(1).1

 1
 HRS § 709-906(1) (Supp. 2010) provides:

 It shall be unlawful for any person, singly or in
 concert, to physically abuse a family or household
 member or to refuse compliance with the lawful order
 of a police officer under subsection (4). The police,
 in investigating any complaint of abuse of a family or
 household member, upon request, may transport the
 abused person to a hospital or safe shelter.

 For the purposes of this section, “family or household
 member” means spouses or reciprocal beneficiaries,
 former spouses or reciprocal beneficiaries, persons
 who have a child in common, parents, children, persons
 related by consanguinity, and persons jointly residing
 or formerly residing in the same dwelling unit.

 -3-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 At his Entry of Plea hearing, Gomez-Lobato, represented

by a deputy public defender (DPD) and assisted by a Spanish

interpreter, entered a not guilty plea.2 The DPD then stated

that the interpreter needed to go over a waiver of jury trial

form with Gomez-Lobato. The court then recessed. After

reconvening, the following conversation occurred, with the

assistance of the interpreter:
 [DPD]: [Gomez-Lobato] has reviewed the
 waiver of jury trial form.
 . . . .
 THE COURT: Good morning, Mr. Gomez Lobato. I
 have with me a waiver of jury trial
 form. Are these your initials, and
 is this your signature on this form?
 [Gomez-Lobato]: Yes.
 THE COURT: Prior to placing your initials and
 signature on this form, did you
 understand what you were doing and
 signing?
 [Gomez-Lobato]: Yes.
 THE COURT: And was that explained to you in
 Spanish?
 [Gomez-Lobato]: Yes.
 THE COURT: Did you discuss this with your
 attorney?
 [Gomez-Lobato]: Yes.
 THE COURT: Okay. Do you have any questions for
 me?
 [Gomez-Lobato]: No.
 THE COURT: Okay. The Court concludes that the
 defendant knowingly, voluntarily,
 intelligently waived his rights to a
 jury trial.

 In the Waiver of Jury Trial form, Gomez-Lobato provided

his initials next to the following statements, which were written

in English:
 2. I understand that I have the constitutional right
 to a jury trial. Furthermore, I understand that a
 jury trial is a trial in the Circuit Court before a
 judge and a jury and that I can participate in the
 process of selecting a jury of twelve (12) citizens

 2
 The Honorable Aley K. Auna, Jr., presided over the entry of plea
hearing.

 -4-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 from the Third Circuit. This jury would hear the
 evidence in my case, and then decide if I am guilty or
 not guilty. Finally I understand that in order for me
 to be convicted by a jury, their vote must be
 unanimous.
 3. I know that if I give up my right to a jury trial,
 the trial will be held in this Court before a judge
 who alone would decide if I am guilty or not guilty.
 I request that my case be tried by a judge.
 . . . .
 4b. I am satisfied with my attorney, and am entering
 this waiver with his [or] her advice.
 5. I know that the punishment cannot be increased
 merely because I want a jury trial.
 6. I am entering this waiver of my own free will
 after careful consideration. No promises or threats
 have been made to me to induce me to waive my right to
 a jury trial.

 The State subsequently filed an Amended Complaint,

which changed the date of the incident from “[o]n or about the

23rd day of September, 2010,” to “[o]n or about the 24th through

the 25th day of September, 2010[.]” No further waiver of jury

trial form was executed in relation to the Amended Complaint.

 The family court held a one-day bench trial,3 at the

conclusion of which the family court determined that the State

proved beyond a reasonable doubt that the defendant committed the

offense of Abuse of Family or Household Member. Accordingly, the

family court entered its Judgment, Guilty Conviction and Sentence

finding Gomez-Lobato guilty, and sentencing him to two years

probation. Gomez-Lobato timely filed a notice of appeal.

B. ICA Appeal

 In his opening brief, Gomez-Lobato argued, inter alia,

that the family court plainly erred in proceeding with a bench

trial when Gomez-Lobato did not validly waive his right to a jury

 3
 The Honorable Joseph P. Florendo, Jr., presided.

 -5-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

trial. Gomez-Lobato, citing United States v. Duarte-Higareda,

113 F.3d 1000 (9th Cir. 1997), specifically argued that

“[a]lthough a Spanish interpreter was present to assist [him],

the [family] court never directly addressed [him] to verify his

understanding of the jury waiver.” (Emphasis in original).

Gomez-Lobato contended that the “court just asked yes/no

questions despite [his] language barrier” and “never ascertained

if [he] truly understood the waiver of the right to trial by

jury.”

 In its answering brief, the State argued that Gomez-

Lobato did not argue below that the waiver of his right to a jury

trial was invalid and, accordingly, this issue could only be

reviewed for plain error. Nevertheless, the State argued that

under the totality of the circumstances, Gomez-Lobato validly

waived his right to a jury trial orally and in writing.

 Gomez-Lobato filed a reply brief, in which he

reasserted his argument that he did not provide a valid waiver of

his right to a jury trial given the “language barrier,” and

argued that he did not provide a “knowing, intelligent and

voluntary waiver” of his right to a jury trial on the charge set

forth in the amended complaint because “the State did not even

properly present the date of the alleged offense to [him] at the

time of the alleged waiver[.]”

 In a summary disposition order, the ICA determined

that, under the totality of the circumstances, the family court

 -6-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

did not err in concluding that Gomez-Lobato’s waiver of a jury

trial was knowing, intelligent, and voluntary. Gomez-Lobato,

2012 WL 5272234, at *1. The ICA also rejected Gomez-Lobato’s

other arguments on appeal. Id. at *2. Accordingly, the ICA

affirmed the family court’s March 15, 2011 Judgment, Guilty

Conviction and Sentence. Gomez-Lobato timely filed an

application for writ of certiorari. The State did not file a

response.

 II. Standard of Review

 The validity of a criminal defendant’s waiver of
 his or her right to a jury trial presents a question
 of state and federal constitutional law. . . . We
 answer questions of constitutional law by exercising
 our own independent constitutional judgment based on
 the facts of the case. Thus, we review questions of
 constitutional law under the right/wrong standard.

State v. Friedman, 93 Hawai#i 63, 67, 996 P.2d 268, 272 (2000)

(citations and quotation marks omitted).

 III. Discussion

A. The record does not reflect that Gomez-Lobato knowingly,
 voluntarily, and intelligently waived his right to a jury
 trial

 In his application, Gomez-Lobato argues that the family

court failed to adequately ensure that he understood that he was

waiving his right to a jury trial. Gomez-Lobato specifically

contends: “When the court addressed [him] there was a language

barrier where the court solicited one word responses (yes/no) to

questions, rather than delving into whether [he] clearly

understood exactly what constitutional right [he] was giving up.”

As discussed below, based on the record before us, we cannot

 -7-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

conclude that Gomez-Lobato knowingly, voluntarily, and

intelligently waived his right to a jury trial.4

 A criminal defendant is statutorily entitled to a trial

by jury when the potential penalty for the charged crime is

imprisonment for six months or more.5 HRS § 806-60. A defendant

is also entitled to waive his or her right to a jury trial. See

State v. Ibuos, 75 Haw. 118, 121, 857 P.2d 576, 578 (1993)

(citing HRPP Rule 5(b)(3)). Generally, “[t]he waiver shall be

either by written consent filed in court or by oral consent in

open court entered on the record.” HRPP Rule 23(a). Although

the rule indicates the waiver may be given by written or oral

consent, the rule does not relieve the court of its obligation to

ensure, through an appropriate oral colloquy in court, that the

waiver was knowingly, intelligently, and voluntarily given. Cf.

 4
 The issue of whether Gomez-Lobato validly waived his right to a
jury trial was not raised before the trial court. However, Gomez-Lobato asks
this court to recognize such error as a “[p]lain error[] or defect[] affecting
substantial rights[.]” See Hawai#i Rules of Penal Procedure (HRPP) Rule
52(b). Under the circumstances of this case, we conclude that the district
court’s failure to obtain a valid waiver of Gomez-Lobato’s fundamental right
to a jury trial constituted plain error.
 5
 In certain cases, this court has recognized the right to a jury
trial under the Hawai#i Constitution for particular offenses even though the
maximum authorized terms of imprisonment do not exceed six months. See, e.g.,
State v. Nakata, 76 Hawai#i 360, 374, 878 P.2d 699, 713 (1994). In this
regard, if the maximum term of imprisonment for a particular offense does not
exceed thirty days, it is presumptively a petty offense to which the right to
a jury trial does not attach. State v. Lindsey, 77 Hawai#i 162, 165, 883 P.2d
83, 86 (1994). This presumption can only be overcome in extraordinary cases,
when consideration of the treatment of the offense at common law, the gravity
of the offense, and the authorized penalty for the offense, “unequivocally
demonstrates that society demands that persons charged with the offense at
issue be afforded the right to a jury trial.” Id. If the maximum authorized
term of imprisonment for an offense is more than thirty days but not more than
180 days, no presumption applies, and the three factors set forth above must
be considered to determine whether the right to a jury trial attaches. Id. at
86 n.5, 883 P.2d at 165 n.5.

 -8-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

Tachibana v. State, 79 Hawai#i 226, 236, 900 P.2d 1293 (1995)

(requiring on-the-record waiver of defendant’s right to testify).

In other words, while the defendant may execute a written waiver

form, the court should also engage in an oral colloquy with the

defendant to establish that the waiver was knowing, intelligent,

and voluntary. See Ibuos, 75 Haw. at 121, 857 P.2d at 578 (“The

necessity for colloquy between the court and a defendant is

especially apparent in light of the importance we place on the

personal nature of a defendant’s right to a jury trial.”);

Friedman, 93 Hawai#i at 68, 996 P.2d at 273. Lastly, “[w]here it

appears from the record that a defendant has voluntarily waived a

constitutional right to a jury trial, the defendant carries the

burden of demonstrating by a preponderance of the evidence that

his/her waiver was involuntary.” Friedman, 93 Hawai#i at 69, 996

P.2d at 274 (citing Ibuos, 75 Haw. at 121, 857 P.2d at 578).

 In Friedman, this court provided further guidance on

determining the validity of a waiver of the constitutional right

to a jury trial. The defendant, Bernd Friedman, was charged with

abuse of a family or household member. Id. at 65-66, 996 P.2d at

270-71. At his arraignment, the trial court engaged Friedman in

the following colloquy:
 THE COURT: You’re going to enter a plea of not guilty
 to the complaint in this case, you’re also
 going to give up your right to a jury
 trial; is that correct?
 [Friedman]: Yes.
 THE COURT: And, you understand what a jury trial’s
 about?
 [Friedman]: Yes.
 THE COURT: And can you explain in your own words what
 you understand that to mean?

 -9-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 [Friedman]: A jury trial is where the outcome of
 the-the results of whether it’s guilty or
 not is to be determined by 12 adults
 instead of a judge.
 The COURT: So by waiving that right means that your
 case will be decided by a judge, the judge
 alone is to decide your guilt or
 innocence.
 [Friedman]: Yes, Your Honor.
 THE COURT: Is your decision to waive your right to
 jury trial something you thought about and
 decided to do yourself voluntarily[?]
 [Friedman]: Yes.

Id. at 66, 996 P.2d at 271.

 On appeal, Friedman, citing the Ninth Circuit’s opinion

in Duarte-Higareda,6 argued that the trial court erred in failing

to obtain a valid waiver of his right to a jury trial because he

was not orally informed that a jury is comprised of twelve

members, that he could take part in jury selection, or that a

jury verdict must be unanimous. Id. at 69, 996 P.2d at 274.

 This court expressly rejected Friedman’s argument:
 Friedman appears to urge this court to adopt a “bright
 line rule” that a jury waiver can never be voluntary
 and knowing if a trial court fails to advise a
 defendant of any of the four aspects of a jury trial,
 as expressed in the colloquy suggested in
 Duarte-Higareda. . . . [H]owever, Duarte-Higareda does
 not stand for the proposition that its suggested
 colloquy is required in every case. Although we are
 mindful of a criminal defendant’s fundamental right to
 a jury trial and advise the trial court to engage in
 such a colloquy to aid in ensuring voluntary waivers,
 we decline to adopt Friedman’s contention that the
 Duarte-Higareda colloquy is constitutionally required
 in every case.
 Rather than adhering to a rigid pattern of
 factual determinations, we have long observed that the
 validity of a waiver concerning a fundamental right is
 reviewed under the totality of the facts and
 circumstances of the particular case.

 6
 In Duarte-Higareda, the Ninth Circuit determined, inter alia, that
the trial court was required to inform the defendant that: “(1) twelve members
of the community compose a jury, (2) the defendant may take part in jury
selection, (3) a jury verdict must be unanimous, and (4) the court alone
decides guilt or innocence if the defendant waives a jury trial.” 113 F.3d at
1002.

 -10-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

Id. (citations omitted) (emphasis added).

 Moreover, this court stated that the validity of the

waiver of a right to a jury trial is reviewed “under the totality

of the circumstances surrounding the case, taking into account

the defendant’s background, experience, and conduct.” Id. at 70,

996 P.2d at 275 (citation omitted) (emphasis added). Citing,

inter alia, to the trial court’s colloquy and Friedman’s

statement regarding his understanding of the right to a jury

trial, this court determined that Friedman’s waiver was knowing

and voluntary. Id. at 70, 996 P.2d at 275.

 Like Friedman, Gomez-Lobato, citing the Ninth Circuit’s

decision in Duarte-Higareda, 113 F.3d at 1002, argues that he did

not validly waive his right to a jury trial because the family

court in this case did not “directly inform[]” him that: “(1)

twelve members of the community compose a jury, (2) the defendant

may take part in jury selection, (3) a jury verdict must be

unanimous, and (4) the court alone decides guilt or innocence if

the defendant waives a jury trial.” Although this court has

advised the trial courts to conduct Duarte-Higareda’s suggested

colloquy, we have rejected the argument that such a colloquy is

required in every case. See Friedman, 93 Hawai#i at 69, 996 P.2d

at 274; see also State v. Myers, 108 Hawai#i 300, 307, 119 P.3d

608, 615 (App. 2005) (“[I]t is well-settled under Hawai#i law

that the Duarte-Higareda four-part colloquy is not mandatory for

a waiver of the right to a jury trial to be valid. Rather, a

 -11-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

determination of whether a defendant intelligently, knowingly,

and voluntarily waived his or her right to a jury trial must be

based on the totality of the circumstances.”) (citations

omitted); State v. Mitchell, 94 Hawai#i 388, 395, 15 P.3d 314,

321 (App. 2000).

 Moreover, Gomez-Lobato signed a waiver form that listed

all four factors. Therefore, the issue before this court is

whether the signed waiver form, together with the questions asked

of Gomez-Lobato in the oral colloquy, were enough to show that

the defendant knowingly, voluntarily, and intelligently waived

his right to a jury trial. Duarte-Higareda provides guidance on

this question. There, the defendant, Sergio Duarte-Higareda, was

indicted for conspiracy to possess methamphetamine and possession

of methamphetamine with intent to distribute. 113 F.3d at 1001.

Duarte-Higareda, who was not fluent in English, signed a jury

trial waiver form that was printed entirely in English. Id. at

1002. The record was silent as to whether the waiver form had

been translated for Duarte-Higareda. Id. At his arraignment,

Duarte-Higareda’s counsel informed the federal district court

that Duarte-Higareda wanted to waive his right to a jury trial.

Id. Although an interpreter was present to assist Duarte-

Higareda throughout the court proceedings, the district court

never directly addressed Duarte-Higareda to verify his

understanding of the waiver he had signed. Id. The district

 -12-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

court held a bench trial and Duarte-Higareda was subsequently

convicted of the charged offenses. Id.

 On appeal, the Ninth Circuit determined that the

“language barrier” between Duarte-Higareda and the court was a

“‘salient fact’ that gave notice to the district court that

Duarte’s waiver ‘might be less than knowing and intelligent[.]’”

Id. at 1003 (citation omitted). To ensure that the waiver was

voluntary, the Ninth Circuit stated:
 [W]e have previously set forth guidelines for a
 district court to follow in determining whether a
 defendant’s jury waiver is voluntary, knowing, and
 intelligent. The district court should inform the
 defendant that (1) twelve members of the community
 compose a jury, (2) the defendant may take part in
 jury selection, (3) a jury verdict must be unanimous,
 and (4) the court alone decides guilt or innocence if
 the defendant waives a jury trial. Furthermore, the
 district court should question the defendant to
 ascertain whether the defendant understands the
 benefits and burdens of a jury trial and freely
 chooses to waive a jury.

Id. at 1002 (emphasis added) (citations omitted).

 The Ninth Circuit, however, declined to impose an

“absolute requirement of such a colloquy in every case.” Id. at

1003. Nevertheless, the Ninth Circuit vacated Duarte-Higareda’s

conviction on the ground that he possessed the “special

disadvantage or disability” of not speaking English, which

affected his ability to understand the waiver of his right to a

jury trial. Id. at 1003.

 The instant case is distinguishable from Duarte-

Higareda in several respects, most notably because the record

here indicates that the waiver form was translated for Gomez-

 -13-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

Lobato and the court communicated directly with Gomez-Lobato

through the interpreter. Nevertheless, the language barrier

between Gomez-Lobato and the family court was a “‘salient fact’

that . . . gave notice to the [family] court that [Gomez-

Lobato’s] waiver ‘might be less than knowing and intelligent.’”

See id. Accordingly, this “salient fact” should have prompted

the family court to ask additional questions to verify that

Gomez-Lobato understood the right he was waiving.

 Although the family court conducted a colloquy with

Gomez-Lobato regarding the waiver form, the family court’s

questions were not sufficient to establish that Gomez-Lobato

knowingly, voluntarily, and intelligently waived his right to a

jury trial. Specifically, the family court asked Gomez-Lobato

whether the form contained his initials and signature, whether he

understood “what he was doing and signing,” whether the form was

explained to him in Spanish, and whether he discussed “this with

[his] attorney[.]”7 Respectfully, in light of Gomez-Lobato’s

language barrier, his affirmative answers to each of these

questions did not establish that he understood he was waiving his

right to a jury trial.8

 7
 It is not clear what the district court was referring to when it
asked Gomez-Lobato whether he discussed “this” with his attorney. The
district court could have used “this” to refer to the waiver form, the general
concept of a waiver of a right to a jury trial, or the fact that he placed his
initials and signature on the form.
 8
 In circumstances where a defendant needs the assistance of an
interpreter, defense counsel is obligated to explain any waiver of the
defendant’s constitutional rights through an interpreter; such explanations
must not be given by the interpreter independent of counsel. See Hawai#i
 (continued...)

 -14-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 This is particularly true where, as here, the record

contains little information with respect to the defendant’s

background, experience and conduct. Friedman, 93 Hawai#i at 70,

996 P.2d at 275 (“[W]e review the validity of a defendant’s

waiver of his/her right to a jury trial under the totality of the

circumstances surrounding the case, taking into account the

defendant’s background, experience, and conduct.”). Indeed,

there is nothing in the record to indicate Gomez-Lobato’s

educational or employment background, or experience with the

criminal justice system, that could establish that he understood

his right to a jury trial.

 This does not mean that the court is required to

conduct the full Duarte-Higareda, four-factor colloquy in every

case.9 See id. at 69, 996 P.2d at 274; Duarte-Higareda, 113 F.3d

at 1002; HRPP Rule 23(a). Again, whether a colloquy is

sufficient to establish that a defendant validly waived his or

 8
 (...continued)
Rules for Certification of Spoken and Sign Language Interpreters, Appendix B,
Part III, Rule 9 (1995) (“A court interpreter shall not give legal advice to
parties and witnesses.”). In this case, it is not clear from the record
whether defense counsel explained the waiver form and the defendant’s
constitutional rights through the interpreter or whether the interpreter
independently explained the defendant’s rights.
 9
 Accordingly, we respectfully do not adopt the concurring opinion’s
suggestion that this court should mandate an oral on-the-record Duarte-
Higareda four-part colloquy in every case where a defendant waives his or her
right to a jury trial. See Concurring opinion at 20-33. Nevertheless, as
this court has previously stated, “we are mindful of a criminal defendant’s
fundamental right to a jury trial and advise the trial court to engage in such
a colloquy to aid in ensuring voluntary waivers[.]” Friedman, 93 Hawai#i at
69, 996 P.2d at 274 (emphasis added); see State v. Han, 130 Hawai#i 83, 91,
306 P.3d 128, 135 (2013) (defining “colloquy” as “[any] formal discussion,
such as an oral exchange between a judge, the prosecutor, the defense counsel,
and a criminal defendant in which the judge ascertains the defendant’s
understanding of the proceedings and of the defendant’s rights” (citation
omitted) (emphasis added)).

 -15-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

her right to a jury trial is reviewed “under the totality of the

circumstances surrounding the case[.]” Friedman, 93 Hawai#i at

70, 996 P.2d at 275. Trial courts are best situated to determine

what questions need to be asked of individual defendants.10

However, where a language barrier indicates that a defendant’s

written waiver executed outside the presence of the judge “might

be less than knowing and intelligent,” see Duarte-Higareda, 113

F.3d at 1003, the court should take additional steps to ensure

the defendant understands the right that he or she is waiving.

 For example, in the instant case, the court did not

expressly confirm with Gomez-Lobato that he understood that he

had a right to trial by jury and that he was waiving that right.

The court could have asked those questions, or, as Gomez-Lobato

suggests, the court could have asked Gomez-Lobato what the

document he signed meant to him, which would have required more

than a yes or no answer and would have allowed the court to

assess whether Gomez-Lobato truly understood the right he was

waiving. Cf. Friedman, 93 Hawai#i at 70, 996 P.2d at 275.

Because the questions asked by the family court were insufficient

to establish that Gomez-Lobato in fact understood he was waiving

his right to a jury trial, we conclude that the family court

 10
 This flexibility, however, does not relieve a trial court of its
duty to inform a defendant of the right to a jury trial, see HRPP Rule
5(b)(1), nor does it diminish the “serious and weighty” responsibility placed
on trial courts in approving a waiver of jury trial. See United States v.
Saadya, 750 F.2d 1419, 1421 (9th Cir. 1985) (quoting Johnson v. Zerbst, 304
U.S. 458 (1938)); see also Han, 130 Hawai#i at 92, 306 P.3d at 137 (quoting
Duarte-Higareda, 113 F.2d at 1003); HRPP Rule 23(a).

 -16-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

erred in determining that Gomez-Lobato’s jury waiver was made

voluntarily, knowingly, and intelligently.11

 IV. Conclusion

 Based on the foregoing, we vacate the ICA’s judgment

filed on November 23, 2012, and the family court’s judgment filed

on March 15, 2011, and remand the case for a new trial.

Shawn A. Luiz /s/ Mark E. Recktenwald
for petitioner
 /s/ Paula A. Nakayama
Linda L. Walton
for respondent /s/ Sabrina S. McKenna

 /s/ Richard W. Pollack

 11
 Gomez-Lobato argues that this court should draw upon the analyses
articulated in State v. Valdez, 98 Hawai#i 77, 79, 42 P.3d 654, 656 (App.
2002), and State v. Kaupe, No. 22725 (Haw. May 10, 2001) (mem.), to support
his contention that he did not validly waive his right to a jury trial.
However, this court need not address these cases because Valdez is
distinguishable insomuch as the State, in that case, conceded that the
defendant’s waiver was invalid, and Kaupe is an unpublished disposition issued
prior to July 1, 2008, see HRAP Rules 35(c)(1) and (2).
 Gomez-Lobato also argues that the waiver was invalid because it
was executed prior to the amended complaint. The general rule is that a valid
waiver remains effective after a complaint is amended, unless the amended
complaint added additional counts or substituted a more serious offense.
Wayne R. LaFave, et. al., Criminal Procedure 1077 (5th ed. 2009) (“Once a
valid jury waiver has occurred, a defendant has no constitutional right to
withdraw or revoke the waiver, and it may be considered in effect even if
there is some adjustment in the charges, provided there has not occurred an
addition of counts or a substitution of a more serious charge, and even if
there is a change of judge.”); Le Louis v. Superior Court, 257 Cal. Rptr. 458,
467-68 (Cal. Ct. App. 1989) (“Generally speaking, if the prosecutor amends a
complaint, indictment, or information to charge a new offense or to add a
prior conviction or penalty enhancement, this renders a prior jury trial
waiver ineffective.”) (emphasis added); State v. Williams, 534 A.2d 230, 235
(Conn. 1987); People v. Spain, 415 N.E.2d 456, 460 (Ill. App. Ct. 1980).
 In this case, at the time of Gomez-Lobato’s waiver of the right to
a jury trial, he was aware that he was charged with one count of Abuse of
Family or Household Member that occurred “[o]n or about” September 23, 2010.
The amended complaint merely changed the date of the same Abuse of Family or
Household Member charge. The amended complaint neither charged a new offense,
nor substituted the initial charge with a more serious offense. See Le Louis,
257 Cal. Rptr. at 467-68. Moreover, Gomez-Lobato fails to cite any authority
that supports his contention that the family court was required to obtain
another waiver in these circumstances. Thus, Gomez-Lobato’s argument that the
amendment to the complaint required execution of a new waiver, under the
circumstances of this case, is without merit.

 -17-